## J. R. JOHNSON v. WESTERN UNION TELEGRAPH CO.

Delivered October 24, 1896.

**Telegraph Company—Mental Anguish.**

Plaintiff's wife wired him to return home, as her mother there was expected to die, and he answered that he had started and would reach home the night of the next day; but his message was not delivered to the wife until after he reached home, and he sued to recover for the mental anguish suffered by the wife because of not hearing from him, alleging that such anguish "was wholly separate and distinct from the grief caused by her mother's condition." Held, that no cause of action was shown, and the case not distinguishable in principle from that of Rowell v. Telegraph Co. 75 Texas, 26.

APPEAL from Dallas. Tried below before Hon. EDWARD GRAY.

*Leake, Henry, Reeves & Greer*, for appellant.—A wife whose husband is away from home, and out of the State, when her mother is in a dying condition, who has telegraphed to her absent husband the condition of her mother, with a request for his return home, which telegram the husband has answered with another telegram, stating that he would immediately return home, may suffer mental anguish, as a result of not being informed of her husband's intention to return home, for which damages may be recovered by the husband, if the delay, or want of such information, was caused by the negligence of the telegraph company in delivering the husband's telegram, when the telegraph company was advised of the importance of haste in the delivery of said message. Telegraph Co. v. Neighbors, 82 Texas, 539; Potts v. Telegraph Co., 82 Texas, 545; Railway v. Levy, 59 Texas, 542; Telegraph Co. v. Broesche, 72 Texas, 654; Telegraph Co. v. Simpson, 73 Texas, 422; Telegraph Co. v. Adams, 75 Texas, 531; Telegraph Co. v. Moore, 76 Texas, 66; Telegraph Co. v. Rosentracter, 80 Texas, 406.

*A. H. Field*, for appellee.—A wife situated as appellant's wife was, had no right to build up in her mind a purely imaginary state of facts,

hurt her feelings by believing an untruth, and recover damages, for the injury that she thus inflicted on herself. The petition shows that her message was promptly delivered to the husband, and that he took the first train for home; her injury was occasioned by her fear that her husband had not received her message, which was untrue, and her fear that her husband would not come, which was also untrue. Rowell v. Telegraph Co., 75 Texas, 26; McAllen v. Telegraph Co., 70 Texas, 243; Ricketts v. Telegraph Co., 30 S. W. Rep., 1105; DeVogler v. Telegraph Co., 30 S. W. Rep., 1107; Telegraph Co. v. Smith, 76 Texas, 254.

LIGHTFOOT, CHIEF JUSTICE.—Appellant's statement of the case is adopted, as follows:

"J. R. Johnson, appellant, instituted this suit against the Western Union Telegraph Company, defendant, to recover damages for its delay in delivering a telegram sent by the plaintiff to his wife. The petition of the plaintiff, in addition to formal allegations, read as follows: 'That during the month of October, 1890, defendant was operating a telegraph line in the said city of Dallas, in said county, to the cities of Kansas City and St. Joseph, in the State of Missouri, and for hire transmitted telegrams for the public between said places; that on Friday, October 10, 1890, plaintiff's wife's mother, Mrs. Eliza McMurray, then residing with plaintiff and wife in said Dallas city, and being very sick, plaintiff's wife, Mrs. Kate M. Johnson, was advised by the attending physician, that her mother was seriously ill and might die at any moment, and that if she wished to notify friends of that fact she should do so at once, and upon that advice plaintiff's wife sent plaintiff a message over defendant's said telegraph line to said Kansas City, where she supposed him to be, to the effect that her mother was sinking rapidly, and for him to come home. This message was sent Friday morning, October 10, 1890, and in the evening of the same day, thinking the plaintiff might, perhaps, be in St. Joseph, Missouri, she sent him another dispatch to that point over defendant's said line, to the effect that her mother was dying, and to come at once.

"On the morning of Saturday, about 9 o'clock a. m., October 11, 1890, plaintiff received at Kansas City the message first sent, as above, and he sent at once, at that place delivered to the defendant, to be sent to his said wife over defendant's said telegraph line, a message substantially as follows: 'Kansas City, Mo., Oct. 11, 1890. Mrs. J. R. Johnson, Dallas, Texas, McKinney Avenue. Leave this evening. Be there tomorrow night. If worse, wire. (Signed) J. R. Johnson.'"

"And at the time of the delivery of the said message as aforesaid, plaintiff advised defendant's agent that received the same of the necessity of haste in transmitting and delivering it, and paid defendant's charges therefor, to-wit, sixty cents.

"That if defendant's agents and employes at Kansas City and at Dallas, Texas, had done their duty in the premises, which they did not do, said message would have been transmitted and delivered to plaintiff's

wife at Dallas, Texas, at noon of that day or before, and plaintiff's wife, who was then alone with her mother, without child, relative or any one present with her, would have been comforted with the assurance that her said husband had received her message, and that he would soon return home to comfort and sustain her in her affliction.    That by reason of the premises, defendant became liable, and promised to transmit and deliver said message as directed within a reasonable time, which plaintiff avers was on or before noon of Saturday, October 11, 1890, which defendant failed to do; for plaintiff is advised, and so charges, that said message so received by defendant at Kansas City, from plaintiff, to be delivered to his wife as aforesaid, in Dallas, ought to have been received and delivered in Dallas by that time, to-wit, by noon of Saturday, October 11, 1890; but by reason of defendant's gross indifference and negligence and that of its employes, it was not delivered or tendered to plaintiff's wife until about 11 o'clock on the morning of Monday, October 13, 1890, over twelve hours after plaintiff's return home; whereby plaintiff says that defendant was guilty of a breach of contract, and a breach of duty in transmitting and forwarding and delivering said message as aforesaid; that in consequence and by reason of defendant's said negligence and carelessness, and by reason of the non-delivery of the said message to plaintiff's wife as aforesaid, within reasonable time, she was kept in utter ignorance as to whether or not her dispatches to her husband had been received by him, and whether or not he would return home to be with her in her afflictions, and as an immediate result of being thus kept in ignorance as to when her husband would return home she suffered the most intense anguish and distress of mind, and this distress of mind, by reason of defendant's gross negligence in not delivering said message in reasonable time, as aforesaid, continued to grow and intensify with every hour of October 11, 1890, and down to the night of October 12, when plaintiff reached home; that this anguish and distress of mind so suffered by plaintiff's wife was wholly separate and distinct from the grief caused by her mother's condition, and originated in and grew out of defendant's said breach of contract and failure to seasonably deliver to her plaintiff's message, as aforesaid; that her distress of mind so caused as aforesaid, caused her (plaintiff's wife) to become sick and prostrated and her whole nervous system shocked and shattered, from which she has not since recovered, and from which she suffered and still suffers greatly, in mind and body.    And, by reason thereof plaintiff has been damaged and injured in the sum of five thousand dollars; that within due time—to-wit, within sixty days from the date of said message, he presented his claim for damages to defendant's agent at Dallas, which was declined and payment thereof refused.' "

The court sustained the defendant's general demurrer to this petition, and upon the plaintiff's declining to amend, dismissed the case, from which judgment this appeal was taken.

*Opinion.*—The only assignment of error presented is, that the court erred in sustaining the demurrer to plaintiff's petition.

We see no difference, on principle, between this case and the Rowell case, reported in 75 Texas, 26. In this case, the pleader attempts to take the case out of the rule there laid down by alleging that "this anguish and distress of mind so suffered by plaintiff's wife was wholly separate and distinct from the grief caused by her mother's condition, and originated in and grew out of defendant's said breach of contract." We cannot see that this allegation strengthens the case. If wholly separate from the grief or distress over the condition of the wife's mother, there is nothing to take the case out of the ordinary rule governing contracts, or to form a substantial basis for the damages alleged. Rick etts v. Telegraph Co., 30 S. W. Rep., 1105; DeVoegler v. Telegraph Co., 30 S. W. Rep., 1107.

The judgment is affirmed. *Affirmed.*

Writ of error refused.