WESTERN UNION TELEGRAPH COMPANY v. B. J. BASS.

Decided March 13, 1902.

**Telegraph Company—Damages for Mental Anguish.**
Where the only element of injury resulting from a failure to deliver a message is increased mental anxiety, the telegraph company is not liable in damages therefor. Following Telegraph Company v. Rowell, 75 Texas, 26.

Appeal from Gregg. Tried below before Hon. R. B. Levy.

*M. R. Geer,* for appellant.

*Turner & McHaney* and *Young & Stinchcomb,* for appellee.

GARRETT, CHIEF JUSTICE.—This action was brought by the appellee to recover of the appellant damages for mental anguish suffered by the wife of appellee on account of the failure of appellant to deliver a telegram. The cause was tried to the court without a jury and resulted in a judgment in favor of the appellee for the sum of $100. On Monday, December 17, 1900, the appellee was at Oakwood, in Leon County, and his wife was at Kilgore, in Gregg County. About noon on that date the wife received a letter from her husband written from Oakwood on Sunday, the day before, informing her that he was sick and felt that he would grow worse, and that he would write to her again the next day so that she would get the second letter on Tuesday. Failing to receive a letter on Tuesday, which should have come by the mail train about 1 p. m., she went to the appellant's office in Kilgore about 3 p. m. and told the agent that her husband was sick at Oakwood, and that she was anxious to hear from him and wanted to send him a telegram. A message was prepared and accepted for transmission the body of which is as follows: "I am sick. Come home if you are better. Answer at once."

She testified that the agent told her that she would get an answer in fifty minutes, and that if her husband was sick she would get it in time to leave on the south-bound train for Oakwood. The failure to get a letter from her husband on Tuesday caused her great anxiety and she was greatly exercised about his condition, and was in this state of mind and feverish anxiety when she sent the message. The agent knew where Mrs. Bass lived; that plaintiff was her husband; that he was sick at Oakwood and that she was sick at Kilgore. Through the negligence of the appellant the message was not delivered, and failing to hear from her husband the wife suffered great suspense and anguish of mind. If the appellee had received the message he would at once have telegraphed his wife that he was no better but would go to Kilgore, and would have reached there that night. She suffered increased anguish of mind from the time she delivered the message to appellant until Thursday, when her husband came.

The plaintiff alleged in his petition that at the time his wife delivered the message to the appellant she was greatly exercised over her husband's condition, and was suffering considerable anxiety by reason thereof. The evidence corresponds to this averment, and we see nothing to distinguish this case from the rule announced in Rowell's case. Telegraph Co. v. Rowell, 75 Texas, 26; McCarthy v. Telegraph Co., 56 S. W. Rep., 568.

The judgment of the court below will be reversed and judgment here rendered in favor of the appellant.

*Reversed and rendered.*