WESTERN UNION TELEGRAPH COMPANY v. JOHN O'CALLAGHAN.

Decided April 29, 1903.

**Telegraph—Mental Suffering—Unfounded Anxieties.**

No damage can be recovered from a railway company for mental suffering from plaintiff's inability to hear about the condition of his child, caused by negligent delay in delivering his telegram of inquiry, where the child was in no danger and the painful anticipations unfounded.

Appeal from the District Court of Dallas. Tried below before Hon. Thomas F. Nash.

*N. L. Lindsley (Geo. H. Fearons,* of counsel), for appellant.

*Carden, Senter & Carden,* for appellee.

FISHER, CHIEF JUSTICE.—This is an action by appellee against the telegraph company for damages for failure to deliver a certain message set out in the findings of fact of the trial court. Judgment in the court below was against the telegraph company for $100. The findings of fact of the trial court are as follows:

"I find that on July 5, 1901, at 12:30 o'clock p. m., plaintiff delivered to defendant's agent at Davis, I. T., the following message: 'Davis, I. T., 7-5-1901.—W. O'Callaghan, Mesquite, Texas: Have heard nothing from home. Write me Madill, I. T. J. O'Callaghan.'

"That at said time plaintiff explained to defendant's agent that it was a message intended to inquire about the sick child of the plaintiff at Mesquite, defendant's said agent promising plaintiff at said time that said message would go through and be delivered promptly to W. O'Callaghan at Mesquite, Texas; that W. O'Callaghan was in Mesquite, Texas, only a short distance from the defendant's office at Mesquite, and that he was in his office during the entire afternoon of the 5th day of July, 1901; that said message was not delivered to said W. O'Callaghan until about 10:30 o'clock on the morning of July 6, 1901.

"That plaintiff went from Davis, I. T., to Denison, Texas, arriving there on the evening of July 6, 1901, and either telephoned on said evening or on the early morning of July 7, 1901, to Dr. Miller at Madill, I. T., asking if there was any mail for plaintiff at Madill, I. T., and Dr. Miller informed plaintiff that there was no mail for him, and that plaintiff had previously requested Dr. Miller to make inquiries at the postoffice for his mail and to take charge of same; that immediately upon being notified by Dr. Miller that no mail was at Madill for him, plaintiff for the first time began to suffer mentally and began to worry and feel anxious and uneasy about his little child at Mesquite, and being unable to telephone to Mesquite, because of the fact that the telephone office at Mesquite was closed up at that time and also the next day, which was Sunday, plaintiff immediately took the first train and went home to Mesquite, suffering mental anguish all the time until he arrived at home.

"I find that said telegram could have been delivered to W. O'Callaghan at Mesquite, Texas within about one hour after it was received by defendant's agent at Davis, I. T., and that if it had been delivered to said W. O'Callaghan at Mesquite, Texas, any time before 5 o'clock p. m. of July 5, 1901, he would have written a letter to plaintiff, his brother, and mailed it in time for it to have arrived at Madill at about 10:30 o'clock on the morning of July 6, 1901, and in said letter he would have notified his brother, the plaintiff, of the condition of his, plaintiff's, said minor child.

"I find that if defendant's wires were in any way defective on July 5 or 6, 1901, that they could have been repaired in a few minutes, and that said defect, if any existed, did not contribute to cause the delay in said message for a period longer than a few minutes.

"I find that the plaintiff was not disturbed with respect to his child at the time he delivered said telegram to defendant's agent at Davis, I. T., nor at any time until he ascertained at Denison, Texas, that no reply had been sent to his telegram.

"I further find that plaintiff, within ninety days from July 5, 1901, served defendant with proper and sufficient notice as to the damages sustained, as a result of defendant's having delayed the delivery of said telegram, and that plaintiff was damaged in the sum of $100."

In addition to the facts as stated, we find that when plaintiff left home on his journey to the Indian Territory, his child, which had been sick, was convalescent, and was in no danger, and such was its condition when the telegraph company received the message and when they failed to promptly deliver the same. From the facts as stated, the mental disturbance suffered by the plaintiff did not arise by reason of anxiety resulting from the condition of his child, but arose from disappointment in not being able to hear from home, stating the condition of the child.

Judgment reversed and here rendered in favor of appellant.

*Reversed and rendered.*