# Western Union Tel. Co. v. Sledge.

*Action for Damages for Failure to Deliver Telegram.*

*Telegraph; Non Delivery of Social Message; Action: Damages.*—Where no actual damages is done to the person or estate by the failure to deliver a social telegram plaintiff is not entitled to recover for mental pain and anguish.

APPEAL from Hale Circuit Court.

Heard before Hon. A. A. COLEMAN.

Action by Octavia Sledge against the Western Union Telegraph Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

The allegations of the complaint and the contents of the message, for failure to deliver which damages are sought, are sufficiently set out in the opinion. The complaint also claims damages for fright occasioned by failure of any one to meet plaintiff at the depot at Woodstock on the arrival of the train there about 11:30 at night. In this connection the plaintiff's testimony showed: "I arrived at Woodstock about 12 o'clock at night and got off the train. I found no one at the depot at all to meet me. No one else got off the train. I saw no lights anywhere except a light in the office of the depot. I went up to the window of the office and saw a white man in there at work. I told him that I wished to go to the house of Mrs. R. C. Jones. He stated that as soon as he finished what he was doing he would go with me. In about 10 or 15 minutes he went over to Mrs. Jones' with me. The night was very dark, and we had considerable difficulty in finding the gate. As soon as we found the gate and reached the steps the man threw my grip on the porch and left me. I had considerable difficulty in arousing Mr. and Mrs. Jones, and was considerably agitated and afraid before I gained entrance into the house."

CAMPBELL & WALKER, and THOMAS E. KNIGHT, for appellant. Damages for mental distress and anguish are not recoverable in this action. The telegram was a social one and the doctrine of mental anguish as an element of recoverable damages is not applicable to the case at bar.—*Telegraph Co. v. Bryant,* 46 N. E. 358;

*Telegraph Co. v. Henley,* 54 N. E. 775; *Yazoo R. R. Co. v. Foster,* 23 South. 581; *Stafford v. Western Union,* 73 Fed. 273; *Telegraph Co. v. Ragland,* 61 N. W. 421; *Telegraph Co. v. Ayers,* 131 Ala. 294. Counsel discuss other assignments of error relative to evidence, but cite no authority.

DEGRAFFENRIED & EVINS, for appellee. The motion to strike certain parts of the complaint relative to mental pain and anguish was properly overruled. The first grounds are not tenable, as the matters were a proper element of damage.—*W. U. Tel. Co. v. Wilson,* 93 Ala. 32; *Blount v. W. U. Tel. Co.,* 27 South. 779; *W. U. Tel. Co. v. Chrishbaum,* 31 South. 607; *W. U. Tel. Co. v. Brocker,* 35 South. 468; *W. U. Tel. Co. v. Waters,* 36 South. 773. The damages claimed were not remote or speculative.—*W. U. Tel. Co. v. Adair,* 22 South. 773; *W. U. Tel. Co. v. Long,* 41 South. 965; *Green v. W. U. Tel. Co.,* 49 S. E. 165; *W. U. Tel. Co. v. Norton,* 62 S. W. 1081; *W. U. Tel. Co. v. Siddall,* 86 S. W. 343. Where facts are not disputed the court may assume them in a charge without hypothesis.—*Woods v. Moten,* 129 Ala. 228. The damages were not excessive.—*W. U. Tel. Co. v. Crocker, supra; W. U. Tel. Co. v. Long, supra.*

DENSON, J.—This action was brought by the plaintiff against the defendant, to recover damages for the failure on the part of the defendant to promptly transmit the following message: "September 30th, 1904. Mrs. R. C. Jones, Woodstock, Ala.: Meet me at depot tonight. (Sig.) Octavia Sledge." It is averred that the person to whom the message was addressed was the sister of the plaintiff, and that if the message had been promptly transmitted it would have been received at Woodstock in time for Mrs. Jones to have met plaintiff

at the depot on the arrival of the train there at 11 o'clock at night, and that she would have met her. The damages claimed are 25 cents toll paid for the transmission of the message, and $1,000 for mental pain and anguish suffered by the plaintiff.

The case in all its essential features is the same as that of *Western Union Telegraph Company v. Pattie Westmoreland,* 151 Ala. 319. In that case it was held, that for the nondelivery of a social message, damages for mental pain, anxiety, and distress are not recoverable, and that it is wise to restrict the allowance of damages for mental anguish, for nondelivery of telegraphic messages, to the occasions of sickness and death of the close relations in which it has been allowed. On the considerations adverted to in that case, it is clear that the plaintiff should not have been allowed to recover damages for mental pain and anguish, and the court erred in refusing charge four requested by the defendant. It is clear that no actual tort was committed either on the plaintiff's person or on her estate, and that she was not, in this state of the case, entitled to recover any damages for mere fright.

Following the authority above referred to, the judgment appealed from must be reversed and the cause remanded.

Reversed and remanded.

TYSON, C. J., and HARALSON and SIMPSON, JJ., concur.