# Edmondson, *et al. v.* McGinnis.

## *Bill to Abate a Private Nuisance.*

(Decided June 18, 1908. 47 South. 62.)

1. *Appeal and Error; Record; Matters Presented.*—Where the evidence adduced before a jury is not contained in the record this court will not review the correctness of a decree entered by the chancellor in accordance with the verdict of the jury, although the submissions on the part of the complainant was upon the original bill and the verdict, and on the part of the respondent on the answers and testimony of the following witnesses before the jury; the cause having been submitted by agreement of parties to a jury on the issue of facts therein.

2. *Same.*—Where the evidence adduced before the jury is not contained in the record this court will not on appeal consider the insistence that there was a joint owner of the mill who was not joined as a respondent, the action being for the abatement of a nuisance in the erection of a mill dam, and the decree being based upon the verdict of the jury on submission to them of the issues of fact.

Appeal from Anniston City Court.

Heard before Hon. Thomas W. Coleman, Jr.

Bill by Martin L. McGinnis against W. J. Edmondson and others to abate a nuisance consisting of the overflow of land caused by the raising of a mill dam. There was a decree for complainants and respondent appeals. Affirmed.

Matthews & Matthews, and E. H. Hanna, for appellant. Leyden was a necessary party to a decree affecting his property rights.—*Lawson v. Ala. Warehouse Co.,* 73 Ala. 289; *Boyle v. Williams,* 72 Ala. 351; *Bibb v. Hawley,* 59 Ala. 403; *McMakin v. McMakin,* 18 Ala. 576; *State Mut. v. Andrews,* 122 Ala. 598; *Marshall v. Shiff,* 130 Ala. 545; 16 Cyc. 189. This question may be properly raised for the first time in this court.—*Prout v. Hogue,* 57 Ala. 28; *McMakin v. McMakin, supra; Woodward v. Wood,* 19 Ala. 213; *Lawson v. Ala. Warehouse Co., supra;* 16 Cyc. 205.

[Edmondson, et al. v. McGinnis.]

TATE & WALKER, for appellee. The decree is based upon the verdict of the jury and the facts before the jury are not in the record, therefore, this court cannot say that the decree was erroneous.—*Hosea v. Talbert,* 65 Ala. 173; *Alexander v. Alexander,* 71 Ala. 295; *Toon v. Finney,* 73 Ala. 343; *M. & E. Ry. Co. v. Cobb,* 73 Ala. 396; *Webb v. Ballard,* 97 Ala. 384.

McCLELLAN, J.—McGinnis presented this bill against Edmondson, Sutley, and Puckett to abate a nuisance created by the alleged wrongful elevation of an old mill dam, in consequence of which complainant's lands were overflowed. From the joint and several answers of the respondents it appears that one Leyden was a joint owner, with Edmondson, of the mill property, including the dam. The orders and decree of the court below show that by agreement of the parties the issues of fact raised by the pleadings were submitted to a jury, and that the finding of the jury, after a full hearing upon testimony introduced by both parties, was that the dam's crest should be lowered 10 inches. The decree granted relief in consonance with the finding by the jury. The testimony presented to the jury does not appear in the transcript. The testimony or matter upon which the case was submitted for decree embraced, for the complainant, the original bill and the verdict of the jury, and, for the respondents, the answers and the "testimony of the following witnesses before the jury," naming a number of them.

It is perfectly clear that the decree appealed from cannot be pronounced erroneous in any respect, independent of the presumption of correctness always indulged to support an adjudication brought up for review by appeal, in the absence from the record of the testimony upon which the lower court rested its conclusion and

decree; and, so far as the insistence that Leyden is an indispensable party is concerned, we will presume, to sustain the decree, that the testimony presented was con-clusive, on the hearing below, that Leyden had no inter-est of any character in the subject-matter of the litiga-tion. The decree is affirmed.

Affirmed.

TYSON, C. J., and SIMPSON and DENSON, JJ., concur.