# Leland *v*. Western Union Telegraph Co.

*Damages for Delay in Transmission of Telegram.*

(Decided April 15, 1909. 49 South. 252.)

1. *Telegraphs and Telephones; Failure to Promptly Transmit; Damages; Mental Suffering.*—Where there is no evidence tending to show that if the telegram had been promptly transmitted and an answer received, it would have given any information different from that which plaintiff already had, a recovery cannot be had for mental anguish, and the court properly excluded evidence relative thereto.

2. *Same; Exemplary Damages.*—Under the facts in this case the delay of the operator in sending the telegram cannot be made the basis for exemplary damages.

APPEAL from Tuscaloosa County Court.

Heard before Hon. H. B. FOSTER.

Action by R. M. Leland against the Western Union Telegraph Company for failure to promptly transmit a telegram. From a verdict for plaintiff for° the pric⌐ paid for the transmission of a telegram and the costs defendant appeals. Affirmed.

OLIVER, VERNER & RICE, for appellant. The demurrers to the 3rd count of the complaint were not well taken.—*L. & N. R. R. Co. v. Orr*, 121 Ala. 489; *Martin's Case*, 117 Ala. 367; *Crocker's Case*, 95 Ala. 412; *R. R. Co. v. Lee*, 92 Ala. 262. Under the facts in this case, mental anguish was an element of recoverable damage. —*W. U. Tel. Co. v. Westmoreland.*—44 South. 382; *Same v. Haley*, 143 Ala. 586; *Same v. Crumpton*, 138 Ala. 643; *Same v. Long*, 41 South. 965; *Same v. Henderson*, 89 Ala. 510.

GEORGE H. FEARONS, and HENRY FITTS, for appellee. The court properly sustained demurrers to the 3rd

count.—*W. U. Tel. Co. v. Powell*, 45 South. 73; *Cent. of Ga. Ry. Co. v. Foshee*, 125 Ala. 226; *M. & C. R. R. Co. v. Martin*, 117 Ala. 367; *Southern Ry. Co. v. Prather*, 119 Ala. 588. On these authorities, mental anguish was not an element of recoverable damages

SIMPSON, J.—This action was brought by the appellant against the appellee for damages on account of failure to transmit promptly a telegram. The allegations of the complaint and the evidence show that plaintiff's son was at Vossburg, Miss, under treatment; that on December 27, 1905, one Ed. Robbins, who had charge of said son, and who had agreed to keep plaintiff advised of his condition, sent to plaintiff, at Tuscaloosa, Ala., a telegram in these words: "Doctor advises Henry's condition worse. Shall we tap to preserve life? Answer." Plaintiff replied, in a telegram to Robbins: "Call Dr. Harbin. Have him do what he thinks best to save child." These telegrams were promptly delivered. At 4 o'clock in that afternoon plaintiff delivered for transmission, and paid for same, another telegram, as follows: "Wire Henry's condition seven to-night. Be down on number one." The office at Vossburg closed at 7 p. m. About 7 o'clock plaintiff went to the office in Tuscaloosa and inquired for an answer. The operator at first led him to believe that he was waiting for an answer; but, after plaintiff had waited about two hours, the operator admitted that he had forgotten to send said telegram, and it was not in fact delivered until the next morning, after the plaintiff had reached Vossburg. Plaintiff found his son better when he reached there, and the operation was not performed until after plaintiff reached the place.

The gravamen of plaintiff's claim is for mental suffering until he reached the place where his son was. By

demurrers and charges the question is raised whether plaintiff is entitled to recover for mental suffering. The court charged the jury that the plaintiff was entitled t） recoved the cost of the telegram, with interest, and, on the request of the defendant, charged the jury that, under the evidence, plaintiff was entitled to recover only the cost of the telegram with interest. The jury returned a verdict for 75 cents and costs, and the plaintiff appeals.

The Supreme Court of Texas has considered this phase of the question of damages for mental suffering, perhaps, more fully and frequently than that of any other state; and it holds that, for the mere continuance of mental anxiety, which might have been relieved by the prompt delivery of a telegram, the failure of the company to deliver the telegram cannot be said to be the proximate cause of the mental suffering, and the plaintiff cannot recover.—*Rowell v. W. U. Tel. Co.*, 75 Tex. 26, 12 S. W. 534; *W. U. Tel. Co. v. Edmonson*, 91 Tex. 206, 42 S. W. 546 (see, also, note on this case, 66 Am. St. Rep. 873); *Akard v. W. U. Tel. Co.* (Tex. Civ. App.) 44 S. W. 538; *McCarthy v. W. U. Tel. Co.* (Tex. Civ. App.) 56 S. W. 568; *W. U. Tel. Co. v. Griffin*, 93 Tex. 530, 56 S. W. 744, 77 Am. St. Rep. 896; *W. U. Tel. Co. v. Bass*, 28 Tex. Civ. App. 418, 67 S. W. 515; *Johnson v. W. U. Tel. Co.*, 14 Tex. Civ. App. 536, 38 S. W. 64; *W. U. Tel. Co. v. O'callaghan*, 32 Tex. Civ. App. 336, 74 S. W. 798; *W. U. Tel. Co. v. Reed*, 37 Tex. Civ. App. 445, 84 S. W. 296. The Supreme Court of North Carolina holds the same doctrine.—*Sparkman v. W. U. Tel. Co.*, 130 N. Co. 447, 41 S. E. 882. The Supreme Court of Tennessee also so decides the question; the court, after announcing its adherence to the rule of damages for mental suffering in other cases, saying: "The rule upon which such damages are allowed is of difficult application, and

its policy and soundness has been questioned in many courts of high authority, and we do not deem it proper to extend it to other cases than those to which it has been applied in this state. This also seems to be the tendency of other courts of last resort, in states where the mental anguish doctrine prevails."—*W. U. Tel. Co. v. McCaul,* 115 Tenn, 103, 90 S. W. 856. The Supreme Court of Kentucky also holds that the failure to deliver a message of inquiry about plaintiff's sick sister was not the proximate cause of his mental anguish.—*Taliferro v. W. U. Tel. Co.* (Ky.) 54 S. W. 825.

Our own court has not passed upon this question, but has recognized the importance of not extending the doctrine of recovering damages beyond the limits of what has already been decided, saying, in a case where the line was drawn as to the degree of relationship necessary, in cases of absence from bedside or funeral: "To do so would, in our judgment, tend to promote and encourage a species of litigation more or less speculative in its nature and unjust and oppressive in its results." —*W. U. Tel. Co. v. Ayers,* 131 Ala. 394, 31 South. 78, 90 Am. St. Rep. 92. The only case which we have seen, taking a view of this subject different from that taken by the cases cited, is the case of *Willis v. W. U. Tel. Co.* 69 S. C. 531, 48 S. E. 538, 104 Am. St. Rep. 828. That case does not cite any authority on the question of mental anguish, but is based on the statute of South Carolina, providing for damages "for mental anguish or suffering," and on the fact that the evidence showed that, if the telegram had been delivered, an answer would have been received which would have relieved the anguish or suffering.

Without deciding this point, even under the *Willis Case* and our own previous decision in this case, there is no evidence in this case tending to show that, if an

[Postal Telegraph & Cable Co. v. Beal.]

answer had been received, it would have given any information different from that which he already had.—*W. U. Tel. Co. v. Leland,* 156 Ala. 339, 47 South. 62. The plaintiff in this case was not entitled to recover for mental anguish. "There was nothing in the case upon which to base a recovery for exemplary damages."—*Robinson v. W. U. Tel. Co.* (Ky.) 68 S. W. 656, 57 L. R. A. 611, 613; *McAllen v. W. U. Tel. Co.,* 70 Tex. 243, 7 S. W. 715, 717; *Koperl v. W. U. Tel. Co.* (Tex Civ. App.) 85 S. W. 1018, 1019; *W. U. Tel. Co. v. Westmoreland,* 151 Ala. 319, 325, 44 South. 382 et seq.

There was no error in excluding the testimony in regard to mental anguish.—*W. U. Tel. Co. v. Avie Northcutt,* 158 Ala. 539, 48 South. 553.

The points discussed dispose of the case, and it is unnecessary to refer to the questions on pleadings.

The judgment of the court is affirmed.

Affirmed.

DOWDELL, C. J., and DENSON and SAYRE, JJ., concur.

