# Western Union Tel. Co. v. Peagler.

*Failure to Properly Send and Deliver Telegram.*

(Decided Nov. 11, 1909.   50 South. 913.)

1. *Evidence; Opinion; Conclusion.*—In an action for failure to deliver telegram the plaintiff can testify only as to the circumstances under which message was sent, and may not testify that she suffered pain and mental anguish on account of the dispatch, since that was a conclusion for the jury to draw.

2. *Telegraphs and Telephones; Failure to Deliver; Damages; Mental Anguish.*—Mental anguish cannot be recovered for the non-delivery of a telegram where it was not clearly contemplated by the party as the natural result of the breach of the contract; such damages are permitted in case of close relatives when concerning sickness, death, etc., so as to show obviously that anguish would result from non-delivery.

3. *Same.*—Where plaintiff sent her husband a telegram reading, "Please let me hear from you at once by wire" and the evidence did not show any urgency which a tracing message would not have met, or that plaintiff attempted to find out whether the message was delivered, or show that any mental suffering would have been obviated by prompt delivery and answer, the parties cannot be held to have assumed to have contemplated mental suffering as a result of a failure to deliver, and the sender could not recover such damages.

4. *Same; Actual Damages.*—Damages for mental suffering caused by failure to deliver a telegram are actual and not punitive.

APPEAL from Wilcox Circuit Court.

Heard before Hon. B. M. MILLER.

Action by Madie Peagler against the Western Union Telegraph Company for failure to deliver telegram.

Judgment for plaintiff and defendant appeals. Reversed and remanded.

GEORGE H. FEARONS, CAMPBELL & JOHNSON, and PETTUS, JEFFRIES & PETTUS, for appellant.—Plaintiff was not entitled to recover damages for mental anguish.— *W. U. T. Co. v. Northcutt*, 48 South 553; *Same v. Westmoreland*, 151 Ala. 319; *Same v. Ayres*, 31 Ala. 391; *Same v. Sledge*, 153 Ala. 291; *Same v. Long*, 148 Ala. 202; *Same v. Croker*, 135 Ala. 492; *Same v. McMorris*, 48 South. 354. The court erred in permitting defendant to testify that she suffered mental pain and anguish. —*Western U. v. Northcutt*, *supra; Nat. Bank v. Jeffries*, 73 Ala. 183; *Roberts v. W. U. T. Co.*, 73 S. C. 520.

MILLER & MILLER, for appellee.—Counsel insist that under the case of *Western U. Co. v. Northcutt*, 49 South. 553, and *Fass v. Western U. T. Co.*, 82, S. C. 461, the court did not err, and that the cause should be affirmed.

MAYFIELD J.—The action in this case was to recover damages for failure to properly send and deliver the following telegram: Maplesville, Ala., Feb'y 8, 1907. Mr. W. E. Peagler, Camden, Ala.: Please let me hear from you at once by wire. (Signed) Mrs. W. E. Peagler." The court instructed the jury that the plaintiff could not recover damages for any physical pain, or for any loss to her estate other than the cost of sending the message, together with interest, but declined to instruct them, on defendant's written request, that plaintiff could not recover damages for mental pain and anguish suffered on account of the defendant's failure to deliver the message promptly, if they found that she suffered such damages on account of such failure, and also allowed the plaintiff to testify, over defendant's objections, that she did suffer such damages on account of such

failure. The price paid for sending the message was 40 cents. The jury returned verdict for the plaintiff in the sum of $300.

The evidence offered to prove damages for mental pain and anguish, in the form and manner in which it was offered and allowed in this case, we think was improper. The plaintiff should have been required to state the facts and circumstances attending the transaction, and not her conclusions that she suffered such pain and anguish on account of "the dispatch." While a witness may testify that he or a third party suffered pain, or even appeared to suffer pain, yet he cannot testify that he suffered it on account of given alleged cause. That is usually a conclusion for the jury to draw, from all the evidence. Moreover, the fact (if it be a fact) that she suffered such pain or anguish on account of the dispatch, was not necessarily attributable to the defendant's failure to properly send and deliver it, which was the sine qua non of liability for such damages, under the issues of this case. She might have suffered because she sent it, or because it was not answered, or by reason of either of many other causes for which the defendant was not liable.

We do not think that this is a case for the recovery of damages for mental pain or anguish, even under the rules laid down by this court. It is not as strong a case, under the issues or proof, for such damages, as was either *Leland's Case,* 159 Ala. 245, 49 South. 252; *Northcutt's case,* 158 Ala. 539, 48 South. 558; *Westmoreland's Case,* 151 Ala. 319, 44 South. 382; *Sledge's Case,* 153 Ala. 291, 45 South. 59; *Ayers' Case,* 131 Ala. 391, 31 South. 78, 90 Am. St. Rep. 92; *or Long's Case,* 148 Ala. 202, 41 South. 965, in which cases such damages were held not to be proper. This court has laid down the rule as to when such damages are recoverable.

and when not, in these cases, as follows: "Such damages, notwithstanding their elusive character, are actual; but they are ordinarily not the natural result of a breach, and thus not within the contemplation of the parties. In cases where they are not clearly contemplated, it would be dangerous and unfair in the extreme to allow them. When the message is between persons of a close degree of relationship, and relates to exceptional events, such as sickness or death, or such relations in which a failure to deliver obviously comprehends mental distress and anguish, we have allowed such anguish as an item of damages. But to extend as a natural result the allowance on other occasions 'would, in our judgment, tend to promote and encourage a species of litigation more or less speculative in its nature, and unjust and oppressive in its results.' * * * In this case the message did not relate to matters which would bring within the contemplation of the parties to the contract the idea of mental anguish as a result from a failure to deliver, nor is there any proof in the case that any did result. We therefore hold that there was no right to recover therefor. We consider it a point of wisdom to restrict the allowance of damages for mental anguish for nondelivery of telegraphic messages to the occasions of sickness and death of the close relations in which it has been allowed."

While the dispatch in this case did probably show, on its face, the close relationship of husband and wife between the sender and the sendee, it did not show any case of sickness, death, or distress, or that any such damages would probably be suffered, by the sender or the sendee, on account of failure to deliver promptly. The parties did not have, and cannot be presumed to have had, in contemplation such damages as the result of the failure to deliver promptly. There was not

shown, either in the message or by the evidence, any such degree of urgency as could not have been met by a resort to second message or to a tracer, which would have avoided the necessity of plaintiff's making the trip to Camden. It does not appear that plaintiff attempted to ascertain whether or not the message had been delivered, or the cause of the delay, or of her not receiving an answer. While she was not absolutely required to do all these things, in order to recover damages for the company's failure to perform, it does seem that common prudence would have dictated some such precaution, where the alternative was to suffer, as she claims to have suffered, and to undertake said trip. Furthermore, it does not appear that her suffering would have been alleviated or relieved by a prompt delivery or a prompt answer. It might have been increased thereby, so far as appears from this record.

The trial court properly ruled that no actual damages for physical pain, or expense, or wrong in making the trip to Camden could be recovered; and certainly, if such actual damages could not be recovered, the kind of damages for mental pain and anguish, which is more or less speculative in its nature, should not be recoverable (though, of course, it is also actual, as distinguished from punitive damages). The case at bar is clearly distinguishable from the South Carolina case relied upon by counsel for appellee.—*Willis v. W. U. Telegraph Co.,* 69 S. C. 531, 48 S. E. 538, 104 Am. St. Rep. 828. That case, with others similar, was distinguished by this court in *Leland's Case,* 159 Ala. 245, 49 South. 252.

The judgment is reversed, and the cause remanded.

Reversed and remanded.

DOWDELL, C. J., and SIMPSON and MCCLELLAN, JJ., concur.