### J. H. Rowell v. The Western Union Telegraph Company.

#### No. 2826.

1. **Damages—Mental Anguish.**—The mere continued anxiety of one who has been informed of the dangerous sickness of a near relative, and which is caused by the failure of a telegraph company to deliver a message conveying information of the improved condition of the sick relative, furnishes of itself no ground for recovery against the telegraph company on account of its negligence. Such mental anxiety can not of itself constitute an element of damage.

2. **Cases Distinguished.**—This case distinguished from Stuart v. Telegraph Company, 66 Texas, 580.

Appeal from Marion. Tried below before Hon. John L. Sheppard. The opinion states the case.

*Todd & Rowell,* for appellant.—1. A lawful and valid contract is shown between appellant, through his agent, and appellee, through its agents. Appellant is entitled to at least nominal damages for its breach

by appellee without fault on his part.    Lober v. Tel. Co., 70 Texas, 693;. Meade v. Rutledge, 11 Texas, 51, 52; Stuart v. Tel. Co., 66 Texas, 581– 588; Cooper v. Tel. Co., 71 Texas, 507.

2.    Appellant is not only entitled to nominal damages, but to actual damages in an amount to be fixed by the jury not to exceed $2500.    Appellant paid 45 cents and "lost time and business to amount to $100; his wife suffered most intense and continued suspense and grief—was completely prostrated, physically as well as by pain of mind;" the whole damage being laid at $2500.    Stuart v. W. U. Tel. Co., 66 Texas, 587; W. U. Tel. Co. v. Boesche, 72 Texas, 654; W. U. Tel. Co. v. Simpson, 73 Texas, 422; Sedg. on Meas. of Dam., 32.

*Stemmons & Field,* for appellee.—Appellant had no cause of injury to complain of, except that created in his mind, based upon a false conclusion, and for that there can be no recovery.    McAllen v. W. U. Tel. Co., 70 Texas, 243.

GAINES, Associate Justice.—The following statement of this case is taken sustantially from appellant's brief:

Appellant and his wife reside at Jefferson, Texas, and on the night of October 7, 1887, received through the defendant the following telegram:

"Athens, Texas, October 7, 1887.

" *To Mrs. Josie Rowell, Jefferson, Texas, care of J. H. Rowell:*

"Your mother is worse; come if you can; dangerously sick.
          [Signed]                                      "W. C. Scott."

Early next morning appellant delivered to and paid appellee the regular charge (forty-five cents) to send the following telegram:

" *To ·W. C. Scott, Athens, Texas:*

"How is mother?   If no better, Josie comes to-night.   Answer—my expense.
          [Signed]                                      "J. H. Rowell."

This telegram, constituting said Scott as appellant's agent to convey to him this information, was promptly delivered, and at once in reply thereto, and in pursuance of such agency, the said W. C. Scott delivered to and contracted with appellee to send immediately the following reply:

"Athens, Texas, October 8, 1887.

" *To J. H. Rowell, Jefferson, Texas:*

"Telegram received.   Mother some better.   Doctor said not dangerous.
          [Signed]                                      "W. C. Scott."

This message appellant charges was never delivered at all, through the negligence of appellee's agents and servants.   Appellant alleges actual damages from the failure of appellee to perform its contract undertaken at Athens, from loss of time and business to himself and mental distress, at $100, and for mental and physical sufferings of his wife, $2400.

The appellee filed a general demurrer and a general denial. The court upon the general demurrer dismissed the petition and the cause, and appellant prosecuted this appeal.

The only assignment is: "The court erred in sustaining defendant's general demurrer to plaintiff's petition and cause of action, and in dismissing the case over plaintiff's exception."

We are of the opinion that the demurrer was properly sustained. The damage here complained of was the mere continued anxiety caused by the failure promptly to deliver the message. Some kind of unpleasant emotion in the mind of the injured party is probably the result of a breach of contract in most cases, but the cases are rare in which such emotion can be held an element of the damages resulting from the breach. For injury to the feelings in such cases the courts can not give redress. Any other rule would result in intolerable litigation.

We regard this case as differing in principle from that of Stuart v. Telegraph Company, 66 Texas, 580, and others in which damages for mental suffering have been allowed.

The only damages recoverable under the petition was the price of the message—a sum of which the court had no jurisdiction. The suit was therefore properly dismissed, and the judgment is affirmed.

*Affirmed.*

Delivered November 5, 1889.