SPARKMAN v. WESTERN UNION TELEGRAPH COMPANY.

(Filed June 19, 1902.)

TELEGRAPHS—*Mental Anguish—Damages.*

> Where a person, in response to a telegram announcing the death of his brother, in a distant state. sends a telegram inquiring as to place of burial, the failure to deliver the telegram does not make the telegraph company liable in compensatory damages, the message being intended only to relieve mental anxiety then existing in the mind of the sender.

DOUGLAS, J., dissenting.

ACTION by S. B. Sparkman against the Western Union Telegraph Company, heard by Judge *Walter H. Neal* and a jury, at January Term, 1901, of the Superior Court of DURHAM County. From a judgment for the plaintiff, the defendant appealed.

*Guthrie & Guthrie,* for the plaintiff.
*F. H. Busbee,* for the defendant.

MONTGOMERY, J.   The plaintiff, who resided in Durham, N. C., received, on the 11th March, 1901, at 2:10 p. m., a telegram, by the defendant's system, in these words: "Little Rock, Ark., March 11, 1901.   S. B. Sparkman, 216 Glenn street, Durham, N. C.—Your brother, E. Sparkman, died on the 10th.   S. Johnson."   About two hours later of the same day, the plaintiff delivered to the defendant, at its office in Durham, a message in the following words: "Durham, N. C., March 11, 1901.   S. Johnson, Little Rock, Ark.

Shall we look for him, or what are you going to do? S. B. Sparkman."

There was a failure on the part of the defendant to deliver the telegram to Johnson, and this action was brought by the plaintiff to recover damages for alleged mental anguish. The following is a copy of that part of the complaint which sets out the nature of the claim:

"That if the defendant had discharged its aforesaid duty and obligation to plaintiff, and complied with its aforesaid contract, as it should have done, the aforesaid message from plaintiff could and would have been transmitted and delivered to said S. Johnson at Little Rock, Ark., within a few hours after its acceptance for delivery at Durham, N. C., and the plaintiff would, in that event, have been relieved of much anxiety as to whether or not his brother's remains would be buried in Little Rock, Ark., or sent to Durham, N. C., for burial, and whether or not it was necessary to make arrangements for his brother's burial in Durham, N. C., and plaintiff could have also determined (as he contemplated doing) whether or not to take a trip to Little Rock, Ark., to attend his brother's funeral; but, owing to the aforesaid negligence and want of due care, and failure on the part of the defendant to comply with its aforesaid contract and to discharge its aforesaid duty, as hereinbefore alleged, the aforesaid message from plaintiff to said S. Johnson was not transmitted and delivered to said Johnson at all, and no response by telegraph was ever received by plaintiff from said S. Johnson to plaintiff's inquiry contained in said telegram, and the plaintiff was thus left without the information he sought to obtain, and without the consolation and comfort such information would have been to him, if he could have obtained it, in that sad and distressful hour; that the information sought for concerning the funeral arrangements and disposition of the remains of his deceased brother, if the same could have been obtained

as aforesaid, would have been of great comfort to the plaintiff, and would have relieved him of much anxiety on that account; that by reason of the aforesaid negligence, breach of duty and violation of contract on the part of the defendant, the plaintiff has suffered great mental pain, anguish and anxiety, his feelings have been greatly outraged, and plaintiff has been greatly wronged and damaged, to-wit, in the sum of $1,999.99."

In all the decisions of this Court in which the doctrine of mental anguish has been involved, from *Young v. Tel. Co.,* 107 N. C., 370, 22 Am. St. Rep., 883, 9 L. R. A., 669, down to and including *Darlington v. Tel. Co.,* 127 N. C., 448, it has been held that in addition to nominal damages for the breach on the part of a telegraph company to transmit a message in good time, the damages ought not to be increased by any circumstances which could not readily have been anticipated as probable from the language of the written message— the rule taken from Shear. and Red. Neg., Sec. 605. Now, if that rule is to be applied here—to the language of the telegram to Johnson—there is nothing in that language which could lead the defendant to believe that mental anguish would result to the plaintiff by reason of a failure to transmit the same. Johnson had answered on the 11th, late in the day by a telegram received through the defendant to the plaintiff, that plaintiff's brother had died on the day before in Little Rock, Arkansas, and the plaintiff's dispatch to Johnson was a simple inquiry as to the place of burial of his brother— whether in Durham or Little Rock. Surely the distance between Durham and Little Rock, in connection with the brother's death the day before the telegram was delivered to the defendant, would preclude any idea of a desire or purpose on the part of the plaintiff to go to Little Rock to attend the funeral services. There was no intimation in the telegram

SPARKMAN *v.* TELEGRAPH CO.

that embalmment would be expected, that he might attend the burial.

The mental anguish which the plaintiff alleges that he suf-fered was the remaining in doubt and uncertainty as to where the burial would take place, because of defendant's failure to deliver his message to Johnson, and to hear from Johnson.   He does not claim that he suffered mental anguish from the failure to deliver the telegram to Johnson, simply. His uncertainty arose from not hearing from Johnson.   The rule in such a case is well settled in *Akard v. Tel. Co.*, 44 S. W., 538, and we adopt it.   It is: "A telegraph company is not to be held liable in compensatory damages for its failure to forward or deliver a message intended to relieve mental anxiety then existing in the mind of the sender."

*Rowell v. Tel. Co.*, 75 Texas, 26, seems to be a leading case. The headnote is: "Anxiety caused by the failure of a tele-graph company to deliver a message conveying information of the improved condition of a sick relative furnishes no ground for recovery against the telegraph company on ac-count of its negligence.   Such mental anxiety can not of it-self constitute an element of damage."   The Court said: "The damage here complained of was the mere continued anx-iety caused by the failure promptly to deliver the message. Some kind of unpleasant emotion in the mind of the injured party is probably the result of a breach of contract in most cases, but the cases are rare in which such emotion can be held an element of damages resulting from the breach.   For injury to feelings in such cases, the Courts can fix no redress. Any other rule would result in intolerable litigation."

We think, in this case, the Court should have given the de-fendant's prayers for instruction: "That if you believe the evidence in this case, you can only give to the plaintiff as damages fifty-seven cents, amount charged by defendant for message, and your answer to the issue will be fifty-seven

cents.   The jury can not in this case assess any damages for mental anguish."

Error.

DOUGLAS, J., dissents.