WESTERN UNION TELEGRAPH COMPANY *v.* HOLLINGSWORTH.

Opinion delivered May 13, 1907.

TELEGRAPH COMPANIES—NEGLIGENCE—RELIEF OF MENTAL ANGUISH.—Under the mental anguish statute (Kirby's Digest, § 7947) there may be a recovery against a telegraph company for negligent failure to deliver a telegram which would have relieved mental anguish or suffering.

Appeal from Bradley Circuit Court; *Z. T. Wood,* Judge; affirmed.

### STATEMENT BY THE COURT.

Appellee E. A. Hollingsworth was a minister, and lived at Camden, and his brother, Hugh, at Bearden. These towns are close together, but are not directly connected by railroad. A hack line ran between them. Mr. E. A. Hollingsworth was an older man than Hugh Hollingsworth, and had partially raised him, and was tenderly attached to him. Hugh Hollingsworth was a man of delicate health.

On Sunday the 5th, E. A. Hollingsworth received a letter stating that Hugh was sick with pneumonia, and the letter had in it this statement: "Tuesday will be the ninth day, and you know what that means." On Tuesday at 8:30 A. M. he received

a telegram to the effect that his brother was at the point of death and wanted him to come at once. Owing to the inclemency of the weather and the creeks being up, he was advised not to make the trip, and did not go. On the 8th he tried to reach Bearden over the telephone, but was unable to get connection. He then sent a telegram to a friend inquiring of his brother's condition, as follows: "How is Hugh; if dead, when and where buried." He explained to the agent who received the telegram the condition of affairs. Mr. Reem, to whom this telegram was addressed, received it and sent a reply saying, "Hugh is better to-night." This was about 8:30 P. M. on Wednesday the 8th. The agent forgot to send this telegram, which seems to have been overlooked until a second telegram from Mr. Hollingsworth inquiring the condition of his brother brought forth this forgotten answer, and it was delivered about six o'clock on the evening of the 9th, a delay of almost twenty-four hours. During this time Mr. Hollingsworth had suffered great anxiety of mind and had spent a sleepless night. His anxiety would have been relieved if he had received the telegram. He brought suit against the Western Union, and recovered judgment for $250. The Telegraph Company has appealed.

*Geo. H. Fearons* and *Rose, Hemingway, Cantrell & Loughborough,* for appellant.

The doctrine is settled that there can be no recovery for a mere continuance of existing anxiety, nor for anguish suffered which is due to supposition or to causes existing only in the imagination. 47 S. E. 597; 41 S. E. 881; 44 S. W. 538; 85 S. W. 1171; 50 S. E. 6; 12 S. W. 534; 30 S. W. 1105; *id.* 1107; 42 S. W. 549; 44 S. W. 538; 56 S. W. 568; *id.* 744; *id.* 1127; 67 S. W. 515; 84 S. W. 296; 38 S. W. 635.; 71 S. W. 584. ·

*J. G. Williamson* and *D. A. Bradham,* for appellee.

The statute is in derogation of the common law and the rule established by this court prior to its enactment. It has eliminated the question of breach of contract. 77 Ark. 531; 79 Ark. 448. Hence this court is not called upon to reconcile cases based on our statute with the established rules governing

actions for damages for breaches of contracts. There is no distinction in the statute between mental anguish or suffering initiated by a delayed telegram calling one to the bedside of a dying kinsman, and such suffering extended and intensified by reason of the uncertainty as to whether the sick is indeed dying, dead, or recovering.. This case is settled by 80 Ark. 554.

HILL, C. J., (after stating the facts.) The principal question in this case is whether there can be a recovery under the mental anguish statute, section 7947 of Kirby's Digest, for the negligent failure to deliver a telegram relieving mental anguish or suffering.

As is well known, the mental anguish doctrine originated in Texas, and this court refused to follow it; and subsequently the Legislature enacted the·statute in question, making mental anguish or suffering an element of damages in actions for negligence in receiving, transmitting· or delivering messages. Naturally, the court will go to Texas and other States which have adopted the mental anguish doctrine in order to determine its full force and effect.. But it can not be said that the Legislature intended by this statute to adopt the mental anguish doctrine of any one State, for it prevails in many, and there are many differences · in the application of said doctrine by the courts in the States in which it prevails, and inconsistencies in its application, even in the same State. It is necessary therefore for the court to give the statute a reasonable construction, attempting to carry out the design of the Legislature in putting in force an element of damage for mental anguish and suffering for negligence in receiving, transmitting or delivering messages, and not be bound by the vagaries and inconsistencies which prevail in jurisdictions where it obtains by judicial construction.

This exact question came before the Supreme Court of Texas, in *Rowell* v. *Western Union Telegraph Company*, 75 Texas, 26, and the court said:

"The damage here complained of was the mere continued anxiety caused by the failure promptly to deliver the message. Some kind of unpleasant emotion in the mind of the injured party is probably the result of a breach of contract in most cases, but the cases are rare in which such emotion can be

held an element of the damages resulting from the breach. For injury to the feelings in such cases the courts can not give redress. Any other rule would result in intolerable litigation."

This case has been expressly followed in North Carolina, another State in which the mental anguish doctrine has prevailed by judicial construction. See *Sparkman* v. *Western Union Telegraph Company*, 130 N. C. 447.

Other cases are cited in the brief of appellant where this distinction is recognized, but all of them seem to rest upon the Rowell case. The courts which do not follow the Rowell case disapprove the distinction made in it. For instance, in Kentucky, where this doctrine prevails, it was held that the mental anguish of a father in beholding the sufferings of his child during the period that a telegraph company negligently delayed delivering a message to a physician announcing the nature of the child's trouble, and requesting his immediate presence with surgical instruments, is not a proper element of recovery against the telegraph company, although Texas and Alabama had held that there could be recovery for failure to deliver such a telegram. The Kentucky court said: "The Texas cases do not seem to us reconcilable." *Western Union Telegraph Company,* v. *Reid,* 85 S. W. 1171.

The Minnesota court in commenting upon the Rowell case said: "The court (referring to the Texas court), apparently impatient at the amount of 'intolerable litigation' to which the doctrine had given rise, seems to have gone back, partially at least, upon their former decisions," *Francis* v. *Western Union Telegraph Company,* 58 Minn. 252, 49 Am. St. Rep. 507.

The Virginia court, in its opinion refusing to adopt the mental anguish doctrine, reviewed the authorities upon the subject carefully, and, referring to the distinction drawn in the Rowell case, said:

"We fail to appreciate the distinction the court seeks to draw in that case, and it has been suggested in later decisions of the courts of other States that it was evidently resorted to for the purpose of staying the tide of 'intolerable litigation' flowing from the decisions following the So Relle cases." *Connelly* v. *Western Union Telegraph Company,* 56 L. R. A. 663.

In *Western Union Telegraph Company* v. *Cavin,* 70 S. W.

229, decided by the Court of Civil Appeals in Texas, to review the judgment of which the Supreme Court denied a writ of error, the doctrine of the Rowell case is distinguished until little is left of it, if it is not overruled. This case would not have the weight that it does if it were not that the Supreme Court has impliedly affirmed it by refusing a writ of error to review it. The question was the same as in the Kentucky case, and it was held that the father could recover damages for increased mental anguish incurred from witnessing the suffering of his sick child, where such increased suffering is occasioned by the negligent failure of a telegraph company to promptly deliver a message addressed by the father to a physician directing him to come to the sick child at once. The court said:

"It may seem difficult to reconcile in principle the cases cited with *Rowell* v. *Western Union Telegraph Company*, 75 Tex. 26 (and several others), but the distinction seems to be that in the case first cited the increased mental anguish was proximately caused by the negligent failure of the company to perform its contract, and that in the last-named cases the prolonged mental anguish was too remote from such negligence to constitute a basis for damages. If this be not the distinction, none exists, and the opinions are in irreconcilable conflict."

The difficulty of reconciling the Texas cases is pointed out in 1 Sutherland on Damages (3d Ed.), § 975, where these cases are reviewed.

The court is unable to discover the distinction that is attempted to be made in the Texas and North Carolina cases. And, as the distinction in the Texas cases seems to have originated to stay the tide of the "intolerable litigation" that arose from an unwise earlier decision of the same court, it is not necessary to look further for the logic of it. The Legislature has put in force mental anguish and suffering as elements of damage, and the court must take the construction which common sense and experience teaches should be given to the terms describing such elements of damage. That any one would suffer as keen and real mental anguish for failing to hear from the sick bed of a dangerously ill member of the family is too apparent to need any explanation; and no refinement or distinction can take away the reality of such suffering. There is the danger that

there may be a recovery for mental anguish which arises from purely imaginary causes, but that is not the case here, and it seems to be settled that there can be no recovery where the anxiety is imaginary. 1 Sutherland on Damages (3d Ed.), § 975.

But there is no greater danger of wandering into imaginary realms from a telegram such as this than in those announcing illness. The court fails to see a distinction between mental anguish in failing to give an opportunity to be with the sick or dying and failing to relieve the distress in not hearing from the sick or dying.

Other questions are presented and discussed in this case; but all of them have recently been held against the appellant in decisions where similar questions arose, and it is not necessary to discuss them again.

Judgment is affirmed.

Mr. Justice RIDDICK dissents.