# Western Union Telegraph Co. *v.* Westmoreland.

*Damages for Failure to Deliver Telegram.*

(Decided June 11, 1907.  44 South. 382.)

1. *Telegraphs; Delay in Delivery; Damages; Mental Anguish.*— Mental anguish is not recoverable as an element of damage for the failure to promptly deliver a telegram sent by a sister to a brother, and reading, "meet me to-night," although by reason of the failure to deliver the brother was not informed of her coming in time to meet her.

2. *Same; Punitive Damages.*—Punitive damages are not recoverable in an action for failure to promptly to deliver a telegram sent by a sister to her brother reading, "meet me to-night."

APPEAL from Limestone Circuit Court.

Heard before Hon. D. W. SPEAKE.

Action by Patty Westmoreland to recover damages against the Western Union Telegraph Company for failure to deliver promptly the telegram sent by her to her brother reading, "meet me to-night." From a judgment for plaintiff, defendant appeals. Reversed and remanded.

E. K. CAMPBELL and W. T. SANDERS, for appellant.— The action is in tort.—*W. U. Tel. Co. v. Krisbaum*, 132 Ala. 539. In such a case, damages cannot be recovered for mental anguish alone when not shown to have been accompanied by other damages resulting from the wrong.—*W. U. Tel. Co. v. Brocker*, 35 South. 469; *Blount v. W. U. Tel. Co.*, 126 Ala. 105; *W. U. Tel. Co. v. Kirsbaum, supra.* The contrary is true on action on a contract but is confined to cases of sickness or death where certain relationship exists between the parties.— *W. U. Tel. Co. v. Crumpton*, 138 Ala. 643; *W. U. Tel. Co. v. Ayers*, 131 Ala. 394.

THOMAS C. McCLELLAN, for appellee.—Apellee had a right to sue either in tort or on contract.—*Krichbaum's Case,* 132 Ala. 535; *Randall's Case,* 74 Ala. 177-8; *Shapre's Case,* 87 Ala. 647-8; *Cunningham's Case,* 99 Ala. 314; *Seed's Case,* 115 Ala. 670; 21 Ency. Pl. & Pr. p. 507.

Demurrer is not the proper way to question the recoverability of damages, or elements of damages.—*Kennon's Case,* 92 Ala. 399; *Daugherty's Case,* 75 Ala. 168.

It is settled in this state that the infliction of actual damages is not essential to the imposition of exemplary damages.—*Seller's Case,* 93 Ala. 9; *Nolan's Case,* 134 332; *Wilkinson's Case,* 76 Ala. 181; *Parker v. Misc,* 27 Ala. 480; *Henderson's Case,* 89 Ala. 510. Damages for mental suffering are actual damages.—*Wes. Union Tel. Co. v. Haley,* 39 Sou. Rep. 386-8; *Adair's Case,* 115 Ala. 441; *Davis' Case,* 119 Ala. 572; 3 Sutherland on Dam. § 942.

Damages for mental suffering may be awarded because of the negligence of the telegraph company a young woman is not met at a train.—*Green v. Wes. Union Tel. Co.,* 67 L. R. A. 985 et seq. It is for the jury to say, and only the jury to say, whether the damages for punishment and the damages for mental suffering should be awarded in this case.—*Seed's Case,* 115 Ala. 676. The precise happenings resultant from a wrong inflicted by the breach by a telegraph company of its duty need not be foreseen.—*Crumpton's Case,* 138 Ala. 644.

The price paid for the transmission and delivery of the message is a part of the damages suffered. By this amount her estate suffered, was deprived, for which she received absolutely no return. In an action for breach of the contract the price paid may be recovered as a part of the damages. This action arises out of the relation made by the contract. The measure and elements of re-

covery must necessarily be practically the same. If in the tort she cannot recover the price paid, then the duty is not imposed by law, based on the relation made by the contract, but is "bought with the price" paid for the doing of a thing that was not done. The liability of the defendant rests on the relation, not on the price. The relation could be established without the payment of the price.—*Crumpton's Case*, 138 Ala. 643-4; *Krichbaum's Case*, 132 Ala. 535; 27 Ency. supra, p. 1059, subdiv. XII and note; *Adair's Case*, 115 Ala. 441; *Way's Case*, 83 Ala. 557, div.. 7 of the opinion; *West Case*, 7 Am. St. Rep. 533. A telegraph company may be liable for punitive or exemplary damages.—*Cunningham's Case*, 99 Ala. 317-8; *Seed's Case*, 115 Ala. 670; *Ways' Case*, 83 Ala. 542; 27 Ency. supra, p. 1080, 1081; *West Case*, 7 Am. St. ep. 530.

TYSON, C. J.—This action is one in form ex delicto for damages arising from delay in the delivery of a telegraphic message. The plaintiff, a young lady, delivered a message to defendant, at the Union Depot in Montgom̄ery in the evening of the 28th of November, 1903, addressed to F. G. Westmoreland, Athens, Ala., containing the words, "Meet me to-night," and signed by the plaintiff, for which she paid the charges of 30 cents. The message was routed by way of Atlanta, the only line open, and from there, by some cause or other wholly undiscovered, it was sent to Athens, Ga., where unavailing efforts were made to find the sendee, which being reported back, finally the message found its way to Athens, Ala.; but it was not delivered until the evening of the next day; the 29th of November. The plaintiff, it appears, went on the night train of the 28th of November from Montgomery to Athens, Ala., arriving about 1 o'clock a. m., where she expected to be met by her

20 R

brother, the sendee of the message, who had an office near the depot, and who she expected would escort her home, some 5 1-2 blocks away. On account of the message not being delivered, the brother did not meet the plaintiff, and she was thus deprived of his company from the depot. But it does not appear by any testimony that the plaintiff was not duly escorted home, or that she sustained any actual damages whatever of any kind by the misfortune of the message not arriving before the train on which she had taken passage. It was not shown that the delay in the delivery of the message arose from any willful or malicious act whatever, nor was there any proof whatever that any mental distress, anxiety, or pain was caused to the plaintiff by the non-delivery of the message.

The plaintiff laid her damages at $750, the items being the consideration "of, to-wit, 50 cents" paid for the service, and the balance in the way of damages for mental distress, anxiety, and pain, and for punitive or exemplary damages. The points involved in the appeal, leaving out of consideration the details of the trial by which they were developed, are two: First, whether or not we have advanced to the point of making "mental distress damages" an item of allowance in cases of this character, even when they are duly proved; second, whether punitive damages are assessable for the mere failure to deliver punctually a social message of the character here shown and under the circumstances of this case.

The claim here, though masked under the form of an ex delicto action, is essentially an action on a contract for the failure to perform express or implied promises, or to perform duties arising directly out of contract and founded on the consideration passing between the parties. There is not an element of actual tort involved. In

such cases assumpsit is a concurrent remedy with case. —1 Chit. on Plead. 134, 135. And it is often a question of difficulty to determine whether an action from its mere nature or in its form is in case or assumpsit.— *Wilkinson v. Moseley*, 18 Ala. 288; *Whilden v. M. & P. N. Bank*, 64 Ala. 1, 38 Am. Rep. 1. Manifestly the measure of damages in such cases cannot be altered in any substantial respect by the mere adoption of one form of action rather than another for the redress of the same grievance. We must therefore consider this case as one seeking compensation for the violation of the contract to deliver promptly the telegram in question to the sendee.

We are here to administer, and not to make the law. There are many grievances and elements of damage which may, and frequently do, arise from the breach of contracts of which the law takes no cognizance, and this for substantial reasons. They may not be the natural consequence of the breach, and thus beyond the contemplation and agreement of the parties, or they may be so elusive, intangible, and so easily simulated for the occasion, or so dependent on personal idiosyncrasies, as to make it dangerous and corruptive for them to be entertained as matters to be estimated as elements of compensatory or legal damages. A merchant in trade may be forced into bankruptcy and an established business ruined by the failure of a debtor to pay promptly a single debt, occasioning, besides a direct pecuniary loss, intense mental anguish and distress, resulting frequently, it is well known, in lunacy or suicide. But the law only allows interest as damages against the debtor for delayed payment. The courts have for years been defining and administering the law of damages for the violation of contracts, including all duties arising out of them, whether from implication or from express promises, so that the precedents discover all the rules

upon the subject. Every one is entitled, of course, on the breach of a contract, to full compensatory damages as ordinarily understood and allowed.

In this case the plaintiff on the proof would clearly be entitled to recover actual damages to the extent of the cost of the telegram.—*Western Union Tel. Co. v. Krichbaum,* 132 Ala. 539, 31 South. 607. But she claimed and was allowed damages for mental pain, anxiety, and distress. Such damages, notwithstanding their elusive character, are actual; but they are ordinarily not the natural result of a breach, and thus not within the contemplation of the parties. In cases where they are not clearly contemplated, it would be dangerous and unfair in the extreme to allow them. When the message is between persons of a close degree of relationship and relates to exceptional events, such as sickness or death, or such relations in which a failure to deliver obviously comprehends mental distress and anguish, we have allowed such anguish as an item of damages. But to extend as a natural result the allowance on other occasions "would, in our judgment, tend to promote and encourage a species of litigation more or less speculative in its nature, and unjust and oppressive in its results.— *Western Uion Tel. Co. v. Ayres,* 131 Ala. 391, 31 South. 78, 90 Am. St. Rep. 92; *Western Union Tel. Co. v. Crumpton,* 138 Ala. 643, 36 South. 517. In this case the message did not relate to matters which would bring within the contemplation of the parties to the contract the idea of mental anguish as a result from a failure to deliver, nor is there any proof in the case that any did result. We therefore hold that there was no right to recover therefor. We consider it a point of wisdom to restrict the allowance of damages for mental anguish for nondelivery of telegraphic messages to the occasions of sickness and death of the close relations in which it

has been allowed.—*Telegraph Co. v. Ferguson*, 60 N. E. 1080, 157 Ind. 64, 54 L. R. A. 846; *Western Union Tel. Co. v. Crumpton, supra.*

The appellee also claimed and was allowed to recover exemplary or punitive damages. Such damages usually pertain to torts. They are not given as a right due the plaintiff, but in the interest of the public, and are proportioned according to the enormity of the offense, and are intended in the nature of a punishment to prevent the repetition of such wrongs. They are never allowed, except in cases in which the act is done with a bad motive, termed "malice," in the defendant.—1 Sutherland on Damages, c. 9; *Day v. Woodworth,* 13 How. (U. S.) 371, 14 L. Ed. 181; *Barry v. Edmunds,* 116 U. S. 562, 6 Sup. Ct. 501, 29 L. Ed. 729; *South. & N. Ala. R. Co. v. McLendon,* 63 Ala. 266; *L. & N. R. Co. v. Bizzell,* 131 Ala. 437, 30 South. 777. Of course, malice may be established as an inference from the circumstances of gross negligence.—*Western Union Tel. Co. v. Seed,* 115 Ala. 670, 22 South. 474. And we have frequently held that the jury are the judges of the degree of negligence "under proper instructions from the court."—*S. & N. A. R. Co. v. McLendon,* 63 Ala. 266. In a case in which punitive damages are allowable at the discretion of the jury, as in all cases of willful trespass against the person or property, and in actions on the case involving a willful and injurious invasion of the rights of a person, which latter may be founded on a right to the proper discharge of public duties as in case of carrier of passengers (*S. & N. A. R. R. Co. v. McLendon,* 63 Ala. 266), or of a like discharge of such duties by transmitter of telegraphic messages in the limited cases in which damages beyond compensation are permitted (*Seed's Case,* 115 Ala. 670, 22 South. 474), malice being an essential fact to be proved, the jury must, of course, determine whether

or not it is established by the proofs. And when the malice is an inference of fact to be drawn from the degree of negligence, of course the jury must in such case be the judge of the degree, for it is a fact in question. But we cannot assent to the doctrine that it may be left to the jury to determine simple or gross negligence; that is, the degree of negligence for the purpose of classifying wrongs in which punitive damages may be allowed. The wrong charged must, in its nature, belong to such class under the law without the aid and assistance of the jury.

Where the wrong in its essence is the mere failure to perform a contract, involving no insult or outrage to the feelings cognizable by the law, and no actual damage to the person or property of the plaintiff, it cannot be held that the public peace or quiet is offended, and therefore there is no basis for the infliction of vindictive damages. And we think, if this was a case in which vindictive damages were assessable at the discretion of the jury, the proofs would not be sufficient to support a verdict involving their allowance. When an actual trespass is committed, or an act, like slander or libel, necessarily involving in its essence an active and intentional wrong, malice may be inferred from the act itself; but when the relations of the parties are contractual, and call for the performance of stipulations undertaken, the presumption of innocence which the law uniformly indulges would characterize the omission of performance in this case as unintentional—that is, simple negligence.—Best on Evidence (Chamberlayne) § 334; *Rex v. Inhabitants, etc., of Twining,* 2 B. & A. 386. In the absence of proof of a decided tort, the law regards the liability for actual damages, and the necessity of prompt service to secure public patronage in cases such as this, as sufficient sanction for the due performance of contracts. We think

[Birmingham Railway L. & P. Co. v. Moore, (Mary.)]

this is not a case for punitive, any more than it is for mental anguish, damages.

It is unnecessary to notice in detail the errors assigned.

Reversed and remanded.

HARALSON, ANDERSON, and DENSON, JJ., concur.