# Western Union Telegraph Co. *v* Howle.

*Damage for Failure to Deliver Telegram.*

(Decided June 30, 1908.   47 Sopth. 341.)

1. *Telegraphs and Telephones; Failure to Send; Damages Recoverable; Mental Suffering.*—No damage in estate being alleged, the mental suffering of the wife on account of disappointment in not being met at the train by her husband, and on account of nausea caused by having to carry her handbag and child, from the car to the waiting room, without other damage, will not support an action in tort for failure to deliver telegram.

2. *Same.*—Mental suffering is not a ground of recovery against a telegraph company for failure to deliver message when the message did not relate to such matter as that mental suffering may reasonably be said to have been in the contemplation of the parties as a probable result of the negligence of the company. (McClellan, J., dissents.)

Appeal from Jefferson Circuit Court.

Heard before Hon. A. O. Lane.

Action by Annie L. Howle against the Western Union Telegraph Company, for failure to promptly deliver telegram. Judgment for plaintiff and defendant appeals. Reversed and remanded.

Campbell & Johnson, for appellant. The action was in tort. No damage in estate was alleged and no tolls were paid. The demurrer therefore, should

have been sustained.—*Foster's Case,* 23 South. 581; *Westmoreland's Case,* 44 South. 382; *Blount's Case,* 126 Ala. 105; *Quick's Case,* 125 Ala. 555.

VAUGHAN & DAVIDSON, for appellee. Counsel discuss assignments of error, but without citation of authority. They insist that this case is differentiated from the Westmoreland case by the facts.

DOWDELL, J.—The action is in tort. No tolls were paid for sending the telegram. No damage in estate is alleged. Damages for mental suffering from disappointment in not being met at the train, and for sickness resulting therefrom, are claimed. The undisputed evidence shows that the plaintiff suffered nothing in estate by reason of the negligence alleged. The only physical suffering was that of sickness from nausea caused by discomfort in having to carry her little child and hand baggage from the car under the shed to the waiting room of the station, and mental worry and suffering in not being met at the train by her husband. On the principle stated in *Blount's Cose,* 126 Ala. 105, 27 South. 779, under this evidence the defendant was entitled to the general charge as requested. Furthermore, as to the question of mental suffering, this case cannot be distinguished in principle from that of *Western Union Telegraph Co. v. Westmoreland,* 151 Ala. 319, 44 South. 382.

For the errors indicated, the judgment is reversed, and the cause remanded.

Reversed and remanded. All the Justices concur, except McCLELLAN, J., who dissents.