WESTERN UNION TELEGRAPH COMPANY v. J. R. BARRETT.

Decided April 17, 1909.

**1.—Pleading—Damages—Negligent Failure to Deliver Message—Petition.**

Petition, in an action against a telegraph company for damages caused by its negligence in failing to promptly deliver a message advising the plaintiff that his daughter was expected to die at any time, considered, and held to state a good cause of action.

**2.—Damages—Negligence—Failure to Deliver Telegram—Continued Anxiety—Pleading.**

Where the plaintiff received a message advising him that his daughter was expected to die at any time, and in reply to a message of inquiry from him an answer was sent which told him that she was no better, there could be no recovery for negligent failure to deliver the answer, as it did not convey any information other than what he already knew, and, had he received it, it would not have tended to relieve or lessen the existing anxiety. Allegations held to show no cause of action.

Appeal from the District Court of Hunt County. Tried below before Hon. R. L. Porter.

*N. L. Lindsley* and *R. R. Neyland,* (Geo. H. Fearons, of counsel), for appellant.

*B. Q. Evans,* for appellee.—Mental anxiety and anguish occasioned by the failure to receive a telegram informing a father that his daughter is no better when he already knows that she is sick and expected to die, is an element of damages, when the grief and anxiety of the addressee is thereby augmented. Western U. Tel. Co. v. O'Callahan, 32 Texas Civ. App., 336.

RAINEY, CHIEF JUSTICE.—The statement of the nature and result of the suit made by the appellant is admitted by appellee to be correct and we adopt the same in part.

Appellee sued for damages for injuries sustained by himself on account of an alleged delay in the delivery of the following telegram:

"Commerce, Texas, April 6, 07.
"To J. R. Barrett, care of Baptist Church,
          Corinth, Miss.
     Expecting Luna to die any time.  Come at once.  Answer.
                              (Signed) W. C. Barrett."

The ground of damage claimed is this: That on April 6, 1907, the plaintiff resided in Hunt County, at Commerce Texas, and the defendant was a corporation having an office and local agent at Greenville in said county; that defendant also had offices between Commerce, Texas, and Corinth, Miss., and transmitted messages for hire between said points at said time; that on said date he resided with his family at Commerce, Texas; that his family consisted of his wife, two daughters and two sons; that he had one daughter whose name was Luna, and who had been married but a short time prior to said date; that on said date he was at Corinth, Mississippi, and had been there or in that vicinity for about two weeks; that on said date plaintiff's daughter, Luna Potts, was very sick at Commerce, Texas, and W. C. Barrett, plaintiff's son, acting for and on behalf of the plaintiff, delivered to the agent of the defendant at Commerce, Texas, the above described message; that the said W. C. Barrett paid the defendant's agent the price demanded for sending the message, and at the same time informed the said agent of the importance of a delivery and of the relation of the parties, whose names were mentioned in the telegram.  Plaintiff further alleged that said telegram was received at Corinth, Mississippi, at six o'clock p. m. on the same date, but was not delivered to him until after nine o'clock that night, a delay of more than three hours; that if said telegram had been delivered to him at any time before 7:30 p. m., on the day it was sent he could and would have left Corinth for his home at Commerce, Texas, and could and would have reached his home by three o'clock Sunday afternoon, April 7th, but that in consequence of said delay, he did not reach his home until Tuesday morning about 3 a. m.  Plaintiff further alleged that when he received said message the next train leaving Corinth, by which he could have made connection and reached his home at Commerce, Texas, was scheduled to leave at three o'clock a. m.; that after receiving said message, he sent the following reply:

"Corinth, Miss., April 6, 1907.
"To W. C. Barrett, Commerce, Texas.
     How is Luna?  I can not leave until three a. m.
                              (Signed)  J. R. Barrett."

That at the time he delivered said message to the defendant at Corinth, Mississippi, he paid for the same the sum of sixty cents, and requested the agent to ask for a reply; that said telegram was delivered to the plaintiff's wife at Commerce, Texas, about 11 o'clock on the night of April 6th, and plaintiff's daughter, Bertie, wrote out and delivered to the defendant's agent at Commerce, Texas, the following message: "Luna no better.  Come at once;" that she directed said agent

to go to W. C. Barrett in Commerce, and he would pay the charges for transmitting the same, which said agent agreed to do and left.

Plaintiff alleges that he waited until midnight and until the agent at Corinth closed his office, expecting a reply; that he left on the first train that left Corinth thereafter, which was about six o'clock a. m., Sunday morning, said train being late about three hours; that he did not arrive at home until Monday night, April 8th, or Tuesday morning about 3 a. m.; that when he reached home he found his daughter was better, and that she finally recovered; that when he found the telegram had been delayed about three hours and that if the same had been delivered he could have left on the seven o'clock train, and when he realized that he would be deprived of being with his daughter for at least twenty-four hours he was greatly distressed in mind, was disappointed, perplexed and grieved because of not being able to be with his daughter during said time; that when he could not get a reply from his son concerning her condition, and when he was unable to learn whether she was still living or dead, and not knowing whether his telegram had reached home or not, and not knowing whether his daughter knew he intended to start home, or was on the way, and when he realized he would have to begin his journey and reach his home many hours thereafter without being able to hear from them, he was still further disappointed, distressed and worried; that by reason of the negligence of the defendant in failing to promptly deliver to him the telegram at Corinth, and of its negligence in failing to deliver the telegram at Commerce, as above set forth, plaintiff was caused to suffer mental pain and anguish of mind to his damage in the sum of $1,995, for which amount he asked judgment.

Defendant answered by general demurrer, various special demurrers and general denial. A trial resulted in a verdict and judgment in favor of plaintiff for the sum of $500 from which this appeal is prosecuted.

It will be seen that appellee sought a recovery on two grounds. The first for the negligent failure to deliver a telegram informing him of his daughter's illness, and the second for the negligent failure to deliver an answer to a telegram sent by him inquiring about his daughter's condition. Special exceptions were urged against the allegations of the petition as failing to state a cause of action, as to both grounds, which exceptions were overruled. As to the allegations charging negligence for the failure to deliver the first message, we think a good cause of action was stated, and the court did not err in overruling defendant's demurrers thereto. (Western Tel. Co. v. Belew, 32 Texas Civ. App., 336.)

As to the allegations of the petition relating to the failure to receive a message in reply to the one he sent inquiring of his daughter's condition, appellant presents the following assignment of error, viz.: "The court erred in overruling and in not sustaining the defendant's sixth special exception, which complains of allegations in the plaintiff's petition growing out of the failure to receive a reply to the message which plaintiff sent from Corinth, Mississippi, asking, 'How is Luna? I can not leave until three a. m.' For that no damage could have resulted to plaintiff growing out of the company's delay or failure to

deliver said message, because the telegram and answer to said message read: 'Luna no better; come at once.' And inasmuch as if the plaintiff had received said answer it would have left him with the same advices which he at first received relating to his daughter's illness, the said allegations are, therefore, too remote to be made the basis of any action." Under this assignment the following proposition is submitted: "The damages for failure to receive a reply message in response to a telegram of inquiry as to the condition of a party sent by a person who had been previously advised by telegraph that the party inquired about is expected to die, are not recoverable for a breach of a contract, when it further appears that if such reply message had been received it would have said that the person expected to die was no better."

The court erred in overruling said exception. "The damage here complained of was the mere continued anxiety caused by the failure promptly to deliver the message." (Rowell v. Western U. Tel. Co., 75 Texas, 26.) Had the plaintiff received the message sent in reply to ·his, we do not understand how it would have alleviated his suffering. The message did not convey any information other than what he already knew and had he received it, it would not have tended to relieve or lessen the existing anxiety.

For the error in failing to sustain the said sixth exception the judgment is reversed and cause remanded.

*Reversed and remanded.*