# Sledge *v.* Western Union Tel. Co.

*Failure to Deliver Telegram.*

(Decided Nov. 25, 1909. 50 South. 886.)

1. *Telegraphs and Telephones; Messages; Delay in Delivery; Mental Anguish.*—The sender of a social message cannot recover damages for mental anguish because of a delay in delivering a telegram, although the delay resulted in a failure of its purpose.

2. *Same; Punitive Damages.*—A young lady who sent a telegram to her sister requesting her to meet her at the train is not entitled to recover punitive damages on account of delay in delivery of the telegram which resulted in no one meeting her.

3. *Appeal and Error; Harmless Error; Instruction.*—Where a plaintiff is not entitled to recover punitive damages, a refusal to charge on that subject is harmless error.

APPEAL from Hale Circuit Court.

Heard before Hon. B. M. MILLER.

Action by Octavia Sledge against the Western Union Telegraph Company for failure to promptly deliver

telegram. Judgment for defendant, and plaintiff. appeals. Affirmed.

The message was addressed to Mrs. R. C. Jones, a sister of Mrs. Sledge, and directed 'her to meet her at the depot at Woodstock at a certain time. The message was not delivered until the day after. It was shown in the evidence that from the place where passengers got off the Alabama Great Southern train at Woodstock to Mrs. Jones' front porch was 197 feet, and a slight decline all the way. For the pleading, etc., in this case, see the former report of same in 153 Ala. 291, 45 South. 59. The charges referred to in the opinion are as follows:

"(1) I charge you, gentlemen of the jury, that in determining whether the agents or servants of the defendant were guilty of wanton disregard of the rights of the plaintiff it is not necessary to believe or to find from the evidence that any agent or servant of the defendant intentionally injured the plaintiff by failure to transmit or deliver the message; but if you believe from the evidence that any agent, servant, or employe of the defendant wantonly failed to transmit or deliver such message, then you may impose punitive damages, although you may believe that no agent, servant, or employe of defendant had any intention or desire to injure defendant."

"(4) I charge you, gentlemen of the jury, that if you believe the evidence in this case you must return a verdict of 25 cents; and if you further believe from the evidence that the agents, servants, or employes of defendant, or any of them, charged with the duty of transmitting or delivering said message, made no effort to transmit said message in a reasonable time, you may assess punitive damages in such sum as you think proper, but the total damages awarded must not exceed $1.000."

DeGRAFFENRIED & EVINS, for appellant.—The court should have given charge number 1. To establish wanton disregard of plaintiff's rights, it was not necessary to show malice toward her, or any intention or desire, on the part of the agents, servants or employes of the defendant company to do her any injury.—*W. U. Tel. Co. v. Cunningham,* 99 Ala. 314; *W. U. Tel. Co. v. Wilson,* 33 South. 76; *B. R. & E. Co. v. Pinckard,* 124 Ala. 372; *L. & N. R. R. Co. v. Anchors,* 114 Ala. 492; *A. G. S. R. R. Co. v. Williams,* 140 Ala. 230. Charge numbered 4 should have been given. Under the facts of this case if no effort was made by the employes, agents or servants to transmit this message, it was proper for the jury to impose punitive damages. ⸀ (a) Wantonness may be shown by circumstantial evidence.—*A. G. S. R. R. Co. v. Williams,* 140 Ala. 320. (b) The fact that the communication was sent by wire, was, in itself, notice to the company that speed in the delivery was important.—*W. U. Tel. Co. v. Northcutt,* 48 South. 553. (c) Wantonness was fairly inferable from the proof that the message was in the hands of the agents, servants or employes of the defendant, who were charged with the duty of transmitting it, for a period of more than eighteen hours, before it was transmitted to the point of destination; this delay being absolutely without explanation—*Young v. W. U. Tel. Co.,* 43 S. E. 450; *Machen v. W. U. Tel. Co.* 51 S. E. 697; *Willis v. W. U. Tel. Co.,* 53 S. E. Rep. 639; *W. U. Tel Co. v. Cunningham,* 99 Ala. 314; and see also *B. Ry. & E. Co. v. Pickard,* 124 Ala. 375. (d) The burden of proof on the issue as to whether or not the message was delayed by the wantonness of defendant's agents, servants or employes was on the defendant, the facts being peculiarly within its knowledge, and its failure to discharge that burden of proof, authorized the jury, if they believed that no effort had

been made to send the telegram, to attribute such lack of effort to the wantonness of the agents, servants or employes of the defendant.—*Loeb v. Huddleston*, 105 Ala. 257; *Rogers v. De Bardeleben*, 97 Ala, 154. The action in this case was in tort, and being in tort, on the plaintiff showing injury to her estate, damages for mental anguish were recoverable by way of aggravation. —*Mobile Life Ins. Co. v. Randall*, 74 Ala. 176; *Krichbaum's case*, 31 South. 607; *Blount v. Tel. Co.*, 126 Ala. 105; *Waters' case*, 36 South. 773; *Brockers' case*, 35 South. 468; *Wilson's case*, 93 Ala. 32; *Howle's case*, 47 South. 341. The damages for mental anguish were neither speculative nor remote, and the plaintiff was entitled to recover the same. Even if the action had been in contract, these damages would have been within the contemplation of the parties.—*Adair's case*, 22 South. 73; *Long's case*, 41 South. 965; *Green's case*, (N. C.) 49 S. E. 165; *Norton's case*, 62, S. W. 1081. Telegraph companies transact a business affected with a public interest, and like common carriers they are bound to serve the public without discrimination. And for a breach of the duty put upon them by law to serve the public they are liable in damages at the suit of any one aggrieved. —*Gillis v. W. U. Tel. Co.*, 61 Vt. 365, 15 Am., State Rep. 917; *Krichbaum's case*, 31 South. 607, and authorities cited therein.

GEORGE H. FEARONS, THOMAS E. KNIGHT, and CAMPBELL & JOHNSON, for appellee.—Nothing new is added since this case was here on the former appeal, and on the authority of that case, and the case of *W. U. T. Co. v. Westmoreland*, 44 South. 382, this case should be affirmed. The amendment claiming punitive damages was not properly allowable.—*Freeman v. C. of Ga.*, 45 South. 898.

ANDERSON, J.—This is the second appeal in this case, and, as held in the former decision of the court (153 Ala. 291, 45 South. 59), the plaintiff was not entitled to recover damages for mental anguish, and the trial court did not err in striking this claim from the complaint. Nor do we think that the plaintiff was entitled to punitive damages under the evidence. The telegram was a "Meet me at the train," or what has been termed a mere social message, and falls within the rules laid down in the *Westmoreland Case*, 151 Ala. 319, 44 South. 382, and is unlike the line of cases cited and followed in the case of *Western Union Co. v. Crowley*, 158 Ala., 583, 48 South 381. We do not think the mere fact that the agent at Greensboro knew that plaintiff was a young lady was of itself enough to differentiate this case from the *Westmoreland Case, supra*. Moreover, the proof shows that he sent the message as far as Montgomery within eight minutes after the receipt of same, and the delay was caused by operators or agents who could not have been apprised, by the face of the message, of any emergencies that might arise out of a failure of the sendee to meet the plaintiff at Woodstock station upon her arrival.

Since the trial court could have charged out punitive damages, the refusal of charges 1 and 4, requested by the plaintiff, if error, which we do not decide, was error without injury.

The judgment of the circuit court is affirmed.

Affirmed.

DOWDELL, C. J., and SAYRE and EVANS concur