[Middleton v. Western U. Tel. Co.]

# Middleton *v.* Western U. Tel. Co.

### *Damage for Delay in Delivery Telegram.*

(Decided June 12, 1913.  Rehearing denied June 30, 1913.
62 South. 744.)

1. *Telegraphs and Telephones; Delay in Delivery; Damages.*—
Where a telegraph company delays the transmission of a telegraph
message, and thus prolongs the already existing mental anguish
of the addressee, damages for the prolongation of such anguish may
be recovered, since there is no distinction in principle in the act pro-
longing mental anguish and the negligent act causing mental an-
guish.

2. *Same.*—No recovery for mental anguish can be had, caused by a
delay in delivery of telegram, unless such damage was within the
contemplation of the parties, and from the language of the mes-
sage or otherwise, the telegraph company had notice that its negli-
gence or default would likely cause damages.

3. *Same.*—Where a telegram was addressed to a married woman
and stated that no damage had been done to a school and the chil-
dren therein, it charged the company with notice that any delay in
its transmission might prolong the mental anguish of the sendee of
the message; it also appearing that the school referred to was sit-
uated in a town which had been swept by a tornado.

APPEAL from Birmingham City Court.

Heard before Hon. H. A. SHARPE.

Action by Mrs. H. V. Middleton against the Western
Union Telegraph Company, for damages for delay in
delivering telegram.  Judgment for defendant, and
plaintiff appeals.  Reversed and remanded.

The allegations of the complaint are in effect that H.
V. Middleton and the present plaintiff were the parents
of an afflicted female child, which was a student and
residing in the building maintained by the state of Ala-
bama, for the instruction of the blind at Talledaga,
Ala., and that on May 12th, there was a severe storm,
and the morning papers following carried an account of
Talladega being cyclone-swept, a number  dead,  and
quite a list of damages, stating  also  that  the  State

School for the Deaf, the State School for the Blind, the Alabama Synodical College, two large negro schools, a number of business houses were demolished, and that the names of the dead and injured were not now obtainable; that said item was read by plaintiff; that it was calculated to and did inspire great mental pain and anguish, uncertainty and distress of mind as to the safety of plaintiff's daughter, and that plaintiff facilitated the departure of her husband for Talladega, and in great anxiety and perturbation of spirit waited throughout the day at her home in Birmingham for some message regarding the condition found by her husband upon his arrival at Talladega, and as to the safety of their daughter, and that Middleton, the husband, at 3:30 p. m. did deposit and place with the servant or agent of defendant at Talladega for the sole benefit and interest of the plaintiff, at the same time advancing to the said servant or agent of defendant a sum of 25 cents charges, the following telegram: "Mrs. H. V. Middleton, 904 First Avenue, West End, Birmingham, Ala. No damage to school and children. Home 7:30 alone. H. V. Middleton." And that same was deposited solely for the benefit of plaintiff, and to relieve her mind of uncertainty, fear, and pain. The breach alleged is the failure to promptly transmit and deliver for more than five hours, with the attendant damages. The court granted the motion to strike the several elements of damages for mental anguish, whereupon the plaintiff took a nonsuit with bill of exceptions.

Francis M. Lowe, for appellant. A recovery could be had for the prolongation of already existing mental anguish if caused by the negligent act of the telegraph company.—37 Cyc. 1786-7, notes 95-6-7; 48 S. E. 538; 102 S. W. 681; 105 S. W. 155. On the doctrine of prox-

imate cause under the facts in this case, counsel cite.—.
32 Cyc. 745 and note; 33 Atl. 1017; 51 Am. St. Rep.
750; 35 L. R. A. (N. S.) 930; 12 S. E. 427; 106 S. W.
698.

GEORGE H. FEARONS, and FORNEY JOHNSTON, for ap-
pellee. This case might be affirmed for the reason that
the complaint does not state a cause of action which
would support a judgment for plaintiff under the well
considered case of *W. U. T. Co. v. Adams,* 154 Ala. 657. ·
However, the ruling of the trial court is overwhelming-
ly supported by the great weight of authority.—*W. U.
T. Co. v. Ayres,* 131 Ala. 391; *Same v. Westmoreland,*
151 Ala. 319; *Same v. Sledge,* 153 Ala. 291; *Same v.
Howle,* 156 Ala. 331; *Sledge v. W. U. T. Co.,* 163 Ala.
4; *Leland v. W. U. T. Co.,* 159 Ala. 245; *W. U. T. Co.
v. Peagler,* 163 Ala. 38.

ANDERSON, J.—In some cases it has been held that
there can be no recovery for mental anguish where the
negligence of the defendant telegraph company merely
causes a prolongation of mental anguish already exist-
ing, but which a delivery of the message would have re-
lieved.—37 Cyc. 1786; *Sparkman v. Western Union Co.,*
130 N. C. 447, 41 S. E. 881; *Rowell v. Western Union
Co.,* 75 Tex. 26, 12 S. W. 534, and other Texas cases.
On the other hand, several very respectable courts have
failed to appreciate a distinction between the produc-
tion of mental anguish and the prolongation of same,
and we agree with these courts, in the holding that the
distinction attempted by the Texas Court and adopted
by the North Carolina court is too shadowy, and in
legal and physical results is merely imaginary.—*Wes-
tern Union Co. v. Hollingsworth,* 83 Ark. 39, 102 S. W.
681, 11 L. R. A. (N. S.) 497, 119 Am. St. Rep. 105, 13
Ann. Cas. 397; *Dayvis v. Western Union Co.,* 139 N. C.

.79, 51 S. E. 898 (wherein the holding on this point in the *Sparkman Case, supra,* was disapproved) ; *Fass v. Western Union Co.,* 82 S. C. 461, 64 S. E. 235; *Willis v. Western Union Co.,* 69 S. C. 531, 48 S. E. 538, 104 Am. St. Rep. 828, 2 Ann. Cas. 52; *Cornelly v. Telegraph Co.,* 100 Va. 51, 40 S. E. 618, 56 L. R. A. 663, 93 Am. St., Rep. 919; 3 Sutherland on Damages, § 975. While this court has limited the right to recover for mental anguish to parties bearing a certain relationship (*Telegraph Co. v. Ayers,* 131 Ala. 391, 31 South. 78, 90 Am. St. Rep. 92) and to cases of death or sickness (*Sledge v. Western Union Co.,* 163 Ala. 4, 50 South. 886; *Westmoreland's Case,* 151 Ala. 319, 44 South. 382), we have never held that the parties were confined to mental anguish actually produced as distinguished from a prolongation of mental suffering. In other words, if a negligent failure to deliver a message tends to increase or continue mental suffering, we see no good reason why damages should not be recovered for same upon the same theory that a recovery is allowed for originally causing or producing mental anguish. The *Leland Case* in no sense approves this distinction. This case is first reported in 156 Ala. 334, 47 South. 62, and we purposely pretermitted deciding this identical question, but expressly decided the case upon the idea that the failure to deliver the message could not increase or diminish the mental anguish of the plaintiff. Said the court, speaking through the present writer: "The failure to deliver the telegram in question did not, under the proof, proximately increase or diminish in the slightest degree the mental anguish of the plaintiff." Upon the next appeal of this case (159 Ala. 245, 49 South. 252), while the opinion as written by Simpson, J., discussed this question and shows an inclination to approve the holding in the Texas cases and the case of *Sparkman,*

*supra,* and does not treat the *Willis Case* very seriously, the point was not decided, as the opinion concludes as follows: "Without deciding this point, even under the *Willis Case* and our own previous decision in this case, there is no evidence in this case tending to show that, if the answer had been received, it would have given any information different from that he already had." Moreover, the writer in discussing the authorities on the foregoing point, overlooked the fact that the distinction made by the Texas court had not only been ignored in cases other than the *Willis Case*, but had been severally criticised by text-writers and courts in other jurisdictions. In fact the North Carolina case of Sparkman, the only one following the Texas cases, was subsequently overruled in the case of *Dayvis v. Tel. Co.,* 139 N. C. 79, 51 S. E. 898.

We have also held that in order for the plaintiff to recover for mental anguish the damage must have been within the contemplation of the parties, and that there can be no recovery on this ground unless the telegraph company had notice, from the language of the message or otherwise, that by reason of its negligence or default such damages would be likely to result.—*Westmoreland's Case,* 151 Ala. 319, 44 South. 382; 37 Cyc. 1780. We are of the opinion that the plaintiff's complaint makes out a case for the recovery of damages for mental anguish and brings her within the protection of the rule as sanctioned in this jurisdiction. It is addressed to the mother of a child, to whose life or safety it refers, and carries notice on its face that a negligent failure to deliver same will likely prolong or increase the mental anguish of the mother, the sendee, and for whose benefit it was sent, and the trial court erred in sustaining the defendant's motion to strike this claim for damages from the complaint.

The judgment of the city court is reversed, and the cause is remanded.

Reversed and remanded.

DOWDELL, C. J., and MAYFIELD and DE GRAFFENRIED, JJ., concur.