## HUNTER v. WESTERN UNION TELEGRAPH CO.

(District Court, S. D. Florida. November 21, 1924.)

1. **Telegraphs and telephones** ⊝➔68(1)—**Damages for negligent failure to deliver message only such as were contemplated by parties.**

Under Rev. Gen. St. Fla. 1920, § 4388, making telegraph companies liable in damages to the sender of a message for "mental anguish, distress or feeling, physical and mental pains and suffering resulting from negligent failure to promptly transmit or properly deliver such telegram," recovery may be had only for such injurious results as were contemplated, or should have been contemplated, between the parties as a probable and proximate result of failure to promptly transmit and deliver the message.

2. **Telegraphs and telephones** ⊝➔71 — **Verdict for damages for failure to deliver telegram reduced as excessive.**

A verdict for damages for failure to promptly deliver a telegram *held* excessive, as based in part on conditions in plaintiff's home not disclosed to defendant, damages from which were not the proximate result of failure to deliver the telegram.

At Law. Action by Alma Hunter against Western Union Telegraph Company. On motion by defendant for new trial. Granted unless remittitur is filed.

Fred J. Hampton and S. S. Sandford, both of Tampa, Fla., for plaintiff.

Knight, Thompson & Turner and Kelly & Sutton, all of Tampa, Fla., for defendant.

JONES, District Judge. This action was brought by the plaintiff to recover damages for physical pain and suffering and mental anguish resulting from the alleged negligent failure of the defendant to deliver without delay a telegram sent by the plaintiff, through her agent, B. H. Burney, to her sister advising that plaintiff and her daughter were very sick and requesting the addressee to "come if possible."

The action is brought under section 4388, Revised General Statutes of Florida 1920, which makes telegraph companies liable in damages to the sender of a telegram for "mental anguish, distress or feeling, physical and mental pains and suffering resulting from the negligent failure to promptly transmit or properly deliver such telegram." The telegram is set out in the declaration and is as follows:

"Mrs. C. H. Hunter, Plant City, Fla. Clifford and her ma is very sick come if possible.

"[Signed]       B. H. Burney."

The declaration then alleges that said message was delivered to the defendant at Bostwick, Florida, for transmission and delivery January 29, 1920, and said message was received by the agent of the defendant at Plant City, Fla., on the said 29th day of January, 1920, and that said telegram was not delivered to addressee until February 2, 1920, on which date the addressee received from the defendant a postal card through the mails advising that an undelivered telegram for her was held at the office of the defendant in Plant City; that the addressee on said February 2, 1920, called at the office of the defendant, and received the telegram set forth above. The declaration further alleges:

"That because of the said negligent and careless failure on the part of the defendant to transmit and deliver the said message or telegram the plaintiff was caused great physical pain and suffering and in-

[1] Comp. St. Ann. Supp. 1923, § 5841d.

tense mental anguish, in that she, being sick with influenza or some other terrible malady or sickness, was forced to be without proper care and nursing, and was forced to see her daughter, who was mortally sick with influenza or some other terrible malady or sickness, and about to give birth to a child, suffer for want of proper care and nursing. Wherefore the plaintiff says that she has been injured and sustained damages in the sum of $3,500, and therefore she brings this her suit."

The defendant filed six pleas to this declaration. Demurrers were interposed by the plaintiff and sustained to five of said pleas, and the case went to trial upon the issues joined by the remaining plea, which was a plea of "not guilty." At the trial the defendant admitted negligence, and the case went to the jury upon the sole question of damages. The jury assessed damages in the sum of $2,458, and the case is before me now upon motion for a new trial. The ground of a new trial depended upon by the defendant at the argument is that the amount assessed by the jury is excessive.

Recovery under this Florida statute is restricted to damages "for mental anguish, distress or feeling, physical and mental pain and suffering," which result from "the negligent failure to promptly transmit or promptly deliver such telegram, or because of the negligent failure to correctly transmit and deliver such telegram." In a case of this kind it is practically impossible to separate the mental anguish suffered by this plaintiff which results from "the negligent failure to promptly deliver such telegram" and the mental anguish and physical pain and suffering undergone as a result of the conditions in her home at the time.

The testimony shows that the plaintiff, at the time the telegram in question was sent, was ill and confined to her bed with influenza at her home in Bostwick, Fla., where the disease was epidemic. At the same time, in the same home, her daughter, Clifford Burney, was very ill with influenza and pneumonia, and, being pregnant, was about to be confined. The only person living in the house with them at the time was B. H. Burney, husband of Clifford Burney. These patients were attended by a physician living in a nearby town, who called once, and sometimes twice, a day. Neighbors called in at times, but just what assistance they rendered does not appear. The telegram was sent in the afternoon of

January 29, 1920, and was delivered to the addressee on the morning of February 2, 1920. The addressee at once, on February 2, 1920, replied to the telegram as follows:

"Byron Burney, Bostwick, Florida. Received message this morning can come if necessary answer."

There is no testimony to show when this reply was delivered. The plaintiff testified she received a copy of this reply the afternoon of February 3, 1920. She further testified that, after Mrs. Burney gave birth to a child on January 31, 1920, she had her son-in-law telephone to Jacksonville for her stepmother, Mrs. Frazier, who is a nurse. Mrs. Frazier arrived in the early morning of February 1st. There is no testimony in this case that any notice was given defendant that plaintiff and her daughter were without proper nursing, and there is nothing in the wording of the telegram itself to put the defendant upon notice that injury from lack of nursing would result from the negligent delay in delivery of the message.

[1] The rule in these cases is that the plaintiff can recover only for such injurious results as were contemplated, or should have been contemplated, between the parties as a probable and proximate result of failure to deliver or delay in delivering the telegram upon which the action is based. Hildreth v. W. U. Telegraph Co., 56 Fla. 387, 47 So. 820; Middleton v. W. U. Telegraph Co., 183 Ala. 213, 62 So. 744, 49 L. R. A. (N. S.) 305; Mentzer v. W. U. Tel. Co., 93 Iowa, 752, 62 N. W. 1, 28 L. R. A. 72, 57 Am. St. Rep. 294; Postal Telegraph Co. v. Terrell, 124 Ky. 822, 100 S. W. 292, 14 L. R. A. (N. S.) 927; W. U. Tel. Co. v. Taylor (Fla.) 100 So. 163. The amount of damage which plaintiff may recover, therefore, is confined to the "physical pain and suffering and great mental anguish" inflicted as the proximate result of the failure to promptly deliver this telegram to her sister.

[2] Under these circumstances, I consider the amount of damages arrived at by the jury as excessive. The amount is greater than that allowed in any case brought to my attention by the plaintiff, except the case of Western Union Telegraph Co. v. Ford, 10 Ga. App. 606, 74 S. E. 70, in which case a verdict in the sum of $5,000 was affirmed. In the Georgia case, however, the recovery was not based entirely upon mental anguish, but upon bodily injury; the testimony showing that, as a result of the negligent delay of a telegram,

the plaintiff lost the sight of one eye (which had to be removed), and would be in constant danger of losing the other eye. I have examined a number of cases involving damages for mental anguish, and find the amounts sustained by the courts are, in practically every case, much less than the amount of this verdict.

The motion for a new trial will be granted, unless within 30 days from the filing of this opinion the plaintiff enters a remittitur in the sum of $1,458, in which event the motion for a new trial will be denied, and judgment entered for the plaintiff in the sum of $1,000.