GOLDIE A. WESTON, Respondent, v. LACKA-
WANNA MINING CO., Appellant.

Kansas City Court of Appeals, February 15, 1904.

1. MASTER AND SERVANT: Personal Injury: Evidence.   The evidence on the record was sufficient to send the case to the jury.

2. ———: Contributory Negligence: Evidence: Instructions.   On the evidence it is held that certain instructions relating to the contributory negligence of the plaintiff in continuing to work are held sufficient though inartificially drawn.

3. ———: **Mines and Mining: Props: Instructions.** The widow of a miner killed by a falling roof does not have to show that timbers were necessary to support the roof and had been requested by her husband before the accident and an instruction to that effect is properly refused.

Appeal from Jasper Circuit Court.—*Hon. J. D. Perkins*, Judge.

AFFIRMED.

*McReynolds & Halliburton* for appellant.

(1) John Weston having had experience in mining and having worked in said drift three months before the accident, knew the condition of the drift and roof, and it appearing from the evidence that the falling of dirt and rock from the roof could not be prevented, it was one of the ordinary risks of the business, and risk assumed by John Weston. Bradley v. Railroad, 138 Mo. 302; Schuah. v. Railroad, 106 Mo. 74; Lucy v. Oil Co., 129 Mo. 32; Harff v. Green, 168 Mo. 12; Alcorn v. Railroad, 108 Mo. 95; Watson v. Coal Co., 52 Mo. App. 366; Gleeson v. Mfg. Co., 94 Mo. 206; Boemer v. Lead Co., 69 Mo. App. 606; Holloran v. Iron & Foundry Co., 133 Mo. 470. (2) The evidence shows that just 11 days prior to injury John Weston and one Casey spent Sunday examining and trimming the roof and that Weston reported the roof safe and in good condition, and on the day of the accident stated that the roof was in good condition and the drift was as good a drift as there was in the mines; also, the evidence shows that it was the duty of the miners to watch the roof and either trim or report it to the ground foreman. From this defendant's demurrer to the evidence and also refused instruction No. 12 should have been given. Boemer v. Lead Co., 69 Mo. App. 1. c. 606; Kleine v. Shoe Co., 91 Mo. App. 102; Lee v. Gas Co., 91 Mo. App. 612. (3) Defendant's instruction

No. 11 should have been given, as a request from the miners for props should have been shown before plaintiff was allowed to recover for failure to timber said drift. R. S. 1899, sec. 8822; Adams v. Coal Co., 85 Mo. App. 494; Boemer v. Lead Co., 69 Mo. App. 601; Leslie v. Coal Co., 110 Mo. 31. (4) The peril (if any) in this drift was patent and open to the observation of any reasonable miner and for that reason plaintiff was not entitled to recover on account of the assumed risk and contributory negligence of John Weston and defendant's refused instruction No. 1 should have been given. Snyder v. Railroad, 85 Mo. App. 495; Railroad v. Austin, 72 S. W. 212; Hurst v. Railroad, 163 Mo. 309. (5) It is not the law that an employee assumes only such risks as are obviously dangerous as to threaten immediate injury. Stalzer v. Packing Co., 84 Mo. App. 565; Minnier v. Railroad, 167 Mo. 99; Herbert v. Boot & Shoe Co., 90 Mo. App. 305; Thompson v. Railroad, 86 Mo. App. 141. (6) The evidence in this case shows that the mine and drift in which John Weston was injured was run and managed according to the ordinary and usual course adopted by those mining in that character of mines; therefore it was reasonably safe within the meaning of the law, and defendant's peremptory instruction at the close of all the evidence, should have been given. Mason v. Mining Co., 82 Mo. App. 370; Kane v. Folk Co., 93 Mo. App. 215; Minnier v. Railroad, 167 Mo. 99; Wendall v. Railroad, 75 S. W. (Mo. App.) 689; Saxton v. Railroad, 72 S. W. (Mo. App.) 717. (7) Plaintiff's instruction No. 2 is wrong, for an employee does assume risks that are not so obviously dangerous as to threaten immediate injury.

*Blair & Decker* and *Gardner & Cameron* for respondent.

(1) The general rule is, that where the facts with

respect to negligence of the parties are such that reasonable minds might differ with respect thereto, the case should go to the jury.'' Doyle v. Trust Company, 140 Mo. 15; Bultimaster v. St. Joseph, 70 Mo. App. 60; O'Mellia v. Railroad, 115 Mo. 205. (2) The law in this State is that the duty of the master is a continuous one. Zellers v. Water and Light Co., 92 Mo. App. 109; Wendler v. Furniture Co., 165 Mo. 527; Pauck v. Beef Co., 159 Mo. 467. (3) The third point made by defendant is that defendant's instruction No. 11 should have been given, requiring plaintiff to show a request for props before a recovery could be had for failure to timber the drift, and cites a number of cases to support its contention. We suppose defendant refers to instruction No. 7, as No. 11 was given as asked. But in answer to defendant's contention we will again cite Doyle v. Trust Company, 140 Mo. 15. (4) The law has long been settled in this State that a servant assumes all the risks incident to his employment; but does not assume those caused by the negligence of the master. Sorder v. Railroad, 100 Mo. 682; Mahengos v. Railroad, 108 Mo. 201; Settle v. Railroad, 127 Mo. 336; Pauck v. Beef Co., 159 Mo. 467; Wendler v. Furniture Co., 165 Mo. 527; Curtis v. McNair, S. W. (April 22, 1903), 167. (5) The fifth point made by the defendant is ''that the drift in which John Weston was injured was run and managed according to the ordinary and usual course adopted by those mining in that character of mines, and therefore it was reasonably safe within the meaning of the law, and defendant's peremptory instruction at the close of all the evidence should have been given.'' The evidence shows that the drift was in shell flint and soapstone ground, and selvidge and black mud seams running through it both ways. That air causes it to slack and fall; that shooting loosens it and causes it to fall; that such a roof requires constant watching—that such a roof should be examined

after each shot.   Doyle v. Trust Co., 140 Mo. 15; Fulso
v. Railroad, 45 Mo. 541; Huhn v. Railroad, 92
Mo. 440.   (6) And further, if it was an omission
on the part of plaintiff to instruct the jury that
Weston assumed the ordinary risks of his employment
this omission was cured by the instruction No. 2, given
on behalf of defendant, for it is settled law in this
State that all instructions given must be considered
and construed together.   Owens v. Railroad, 95 Mo.
181; Daugherty v. Railroad, 97 Mo. 661; Spillane v.
Railroad, 111 Mo. 564; Budoin v. Trinton, 116 Mo. 372;
Meadoms v. Ins. Co., 129 Mo. 97; Gordon v. Burns, 153
Mo. 232; Anderson v. Railroad, 161 Mo. 411; Blaydes v.
Adams, 35 Mo. App. 531; Ephlance v. Railroad, 57 Mo.
App. 160; Keer v. Cusenlasf, 69 Mo. App. 224; Fran-
cis v. Railroad, 127 Mo. 675; Hogan v. Dawson, 134 Mo.
591; Christian v. Ins. Co., 143 Mo. 468; Sprague v. Sea,
152 Mo. 339; Guntley v. Stead, 77 Mo. App. 163.

SMITH, P. J.—Action to recover damages for per-
sonal injuries resulting in death.

The plaintiff is the wife of John Weston, deceased.
In the petition it is alleged that said John Weston was
employed as a miner by defendant at its mine and as
such miner it was the duty of said John Weston to go
down in the drifts of defendant's said mine and to work
therein in assisting to get out ores; that it was the duty
of said defendant to furnish the said John Weston a
reasonably safe place in which to work and to keep
said mine and drift where said Weston was re-
quired to work in such condition that he and the
other men working therein could work with
reasonable safety.   But plaintiff says that defendant,
wholly failing in its duty in that regard, carelessly
and negligently failed to inspect and examine the
roof of the drift wherein said Weston was working
in a proper manner and carelessly and negligently
failed to trim said roof so as to work out loose boulders

and rock therein and carelessly and negligently failed to support the roof of said drift with timbers and props so as to prevent the same from falling and caving in on said Weston while at work, and to prevent rock, earth and boulders from falling upon him and carelessly and negligently failed to adopt any means to render said roof reasonably safe, but, on the contrary allowed said roof to become and remain in a dangerous and defective condition by reason of boulders and rock therein becoming loosened and remaining loosened and liable to fall; and that such dangerous and defective condition of the said roof was known to defendant or could have been known by it by the exercise of reasonable care on its part.

The defenses pleaded in the answer were the assumption of the risk and contributory negligence.

There was a trial wherein the plaintiff had judgment from which the defendant appealed. The defendant by its appeal has raised the question whether or not the trial court erred in its action submitting the case to the jury. After a rather careful examination and analysis of the evidence, we have concluded that the action of the court in that respect is not subject to any just criticism. The allegation of negligence contained in the petition and hereinbefore set out were supported by evidence which we think was sufficiently ample to carry the case to the jury.

The court gave fifteen instructions, six of which were for plaintiff and nine for defendant, which covered very fully every issue in the case. The defendant however insists that it was error to give the plaintiff's second which told the jury that, "if you find from the evidence that the defendant carelessly and negligently allowed the roof of said drift to become and remain in a dangerous and defective condition by reason of boulders and rock in said roof becoming loosened and remaining loosened and liable to fall and that said Weston before his injury knew of such condition of the roof of

said drift and that there was some risk or danger of boulders and rock falling down and upon him from said roof while engaged in the duties of his employment in said drift; yet, if you find from the evidence that such condition of said roof and the dangers arising therefrom were not such as to threaten immediate injury to said Weston while in defendant's service in the discharge of the duties of his employment and were not such that a person of ordinary prudence, while exercising care and caution, would not have remained in defendant's service and discharged the duties of his employment, then, the fact alone that said Weston continued in defendant's service under the circumstances, will not of itself defeat this action."

This instruction is exceedingly clumsy and inartistic in enunciation. Doubtless, when read in connection with the defendant's of like number the two together sufficiently embody the rule and the exception to it. This latter declared, "a man who works in a mine assumes the ordinary risks accompanying such work," etc.

The plaintiff's first and second instructions, though somewhat awkward in expression fairly stated the exception which is to the effect that the servant assumed the ordinary risks of his employment. In Smith v. Coal Co., 75 Mo. App. l. c. 181, it was said: "Mere knowledge that the entry (drift) was defective and that risk was to be incurred in its use was not, as a matter of law, sufficient to defeat the plaintiff's action, if the danger was not such as to threaten immediate injury, or if it was reasonable to suppose the entry might be safely used by the exercise of care." In Stoddard v. Railroad, 65 Mo. l. c. 521, it was said that "in the case of Conroy v. Iron Works, 62 Mo. 39, it was held that when the instrumentality with which the servant is required to serve, is so glaringly defective that a man of of common prudence or sense would not use it, the master could not be held responsible for damages result-

ing from it. In such a case the servant would be guilty of heedlessly and recklessly exposing himself to danger, and would have to abide the consequences." The opinion then continues, "but when the servant incurs the risk of machinery, which, though dangerous, is not so much so as to threaten immediate injury, or when it is reasonable to suppose that it may be safely used with great caution or skill, a different rule prevails." In Thompson v. Railroad, 86 Mo. App. 1. c. 149, will be found cited most of the cases from our reports where this rule and its exception has been recognized. To these may be added Minnier v. Railroad, 167 Mo. 99.

The rule of practice is that if instructions given for both plaintiff and defendant when considered in their entirety fairly and correctly express the law applicable to the case, and if whatever omissions those given for plaintiff may disclose are fully supplied by those of defendant, they—the instructions—will be regarded as invulnerable. Gordon v. Burris, 153 Mo. 1. c. 232, and cases there cited.

The defendant further contends that the plaintiff's said second instruction is repugnant in expression to its fifth which declared if the deceased was a miner of experience (which the evidence, we think, shows was not the fact) and could see and know the condition of the drift, and knew the danger in working in said drift as well as the ground boss, and with such knowledge, without complaint to defendant, and without any assurance from them of its safety, he assumed whatever risk there was in working said drift from any defect in the roof or from want of timbers. "The neglect of the duty by the master with the servant's knowledge, does not convert the danger arising therefrom into a risk of the employment assumed by the servant. In such case the servant's knowledge of the condition is a fact to be considered under the plea of contributory negligence, and under that head it precludes a recovery only when the danger is so glaring that a man of ordi-

nary prudence, under the circumstances, would have refused to do his master's bidding.'' Wendler v. House Fur. Co., 165 Mo. l. c. 536-37; Pauck v. Beef Co., 159 Mo. 467. It is thus made apparent that the defendant's instruction does not accurately express the law and therefore if it be inconsistent with the plaintiff's second, which we think does accurately express the law, that the giving of the former at defendant's request was not an error of which it can complain.

The defendant requested an instruction (number seven) which declared that before plaintiff could recover it devolved upon her to show by a preponderance of the evidence that timbers were necessary to support the roof of the mine and that such timbers had been requested or demanded by the miners working therein, ''and unless plaintiff has so shown she can not recover on account of defendant not timbering said drift.'' In the light of our ruling in Bowerman v. Lackwanna Mining Co., 98 Mo. App. 308, it is manifest that the refusal of that instruction was not error.

There was sufficient evidence to warrant a submission of the case. The numerous instructions given, as already stated, covered every possible issue. We have been unable to discover anything in the record that would authorize a disturbance of the judgment, which must therefore be affirmed. All concur.