## WESTERN UNION TELEGRAPH COMPANY v. NANCY REED.

Decided December 15, 1904.

**Delayed Message—Damages—Mental Anguish.**

No recovery can be had for mental anguish arising from delay in the delivery of a message causing uncertainty whether the funeral of plaintiff's sister would be postponed to enable her to be-present, no other damage being shown and plaintiff in fact attending the funeral.

Appeal from the County Court of Waller. Tried below before Hon. J. D. Harvey.

*Hume, Robinson & Hume, Norman G. Kittrell,* and *Geo. H. Fearons,* for appellant.—The petition does not state a case authorizing recovery, and it is an attempt to extend the right of recovery to a limit never before reached and never authorized or approved by any court. West. Un. Tel. Co. v. Arnold, 73 S. W. Rep., 1044; West. Un. Tel. Co. v. Edmundson, 42 S. W. Rep., 549; West. Un. Tel. Co. v. Giffin, 56 S. W. Rep., 744; McCarthy v. Tel. Co., 56 S. W. Rep., 568; S. W. Tel. Co. v. Gotcher, 95 Texas, 117; Johnson v. Tel. Co., 38 S. W. Rep., 64; West. Un. Tel. Co. v. Luck, 4 S. W. Rep., 469; Rowell v. Tel. Co., 75 Texas, 26, 12 S. W. Rep., 534.

*T. D. Pinckney* and *A. J. Harvey,* for appellee.—Cited in support of the judgment: So. Relle v. Tel. Co., 55 Texas, 311; Gulf, C. & S. F. Ry. v. Levy, 59 Texas, 565, 569; Hurst v. Finley, 22 Texas Civ. App., 608.

GARRETT, CHIEF JUSTICE.—This suit was brought by Nancy Reed against the Western Union Telegraph Company to recover damages for alleged negligence in delivering a telegram addressed to her notifying her of the death of her sister at Houston. It appeared from the petition that the telegram was sent about 6'oclock p. m. on February 11, 1903; was received at Hempstead a little after 7 p. m. on the same day by the night operator, and delivered to the plaintiff the next morning about 8 o'clock; that when the plaintiff got the telegram she called up a sister by telephone and was advised that the funeral had been set for 10 o'clock of that day, February 12th; that she asked if it could not be postponed, and was told by her sister that she did not know but would see her brother Cliff, and about 12 o'clock she got a telegram from her brother advising her that the funeral had been postponed until the next day. She averred that if the telegram had been delivered on the date it was sent she would have reached Houston about 6 the following morning; that the earliest time she could reach Houston after she received the telegram was at 6 p. m. on February 12, at which time she did reach Houston, and the funeral took place the next day at 1 p. m. She averred that she was worried and nervous because she did not know whether the funeral would be put off; that she wanted to see her dead sister for the last time and wanted to be with the children.

The defendant filed a general demurrer to the petition, but its de-

murrer was overruled and the cause submitted to the court for trial. After hearing the evidence the court rendered judgment in favor of the plaintiff for the sum of $50. The defendant has presented two assignments of error for which it asks the reversal of the judgment. The first is that the court erred in overruling the demurrer, and the other is that the evidence does not support the judgment.

The Supreme Court has repeatedly held that damages will not be given as a general rule for mental anguish; and such exceptional cases in which damages are allowed have been defined by the court and it has refused to extend the rule.

It appears from the petition in this case that the plaintiff was not deprived of the privilege of being present at the funeral of her sister, but that the anguish she suffered was from the uncertainty of whether the funeral would be postponed to enable her to be present. She was not deprived of this privilege and in fact attended the funeral. To allow damages in such a case would be an extension of the rule beyond any decision heretofore made by the Supreme Court. The following cases are referred to as limiting the rule: West. Un. Tel. Co. v. Arnold, 97 Texas, 265, 78 S. W. Rep., 1044; West. Un. Tel. Co. v. Edmundson, 91 Texas, 206, 42 S. W. Rep., 549; West. Un. Tel. Co. v. Griffin, 93 Texas, 530, 56 S. W. Rep., 744; McCarthy v. Telephone Co., 56 S. W. Rep., 568; West. Un. Tel. Co. v. Luck., 91 Texas, 178, 41 S. W. Rep., 469; Rowell v. Telephone Co., 75 Texas, 26.

We are of opinion that the court erred in overruling the demurrer to the petition. As there was no conflict in the evidence produced at the trial and it appeared from the uncontradicted evidence that the plaintiff was not entitled to recover, the judgment of the court below will be reversed and judgment will be here rendered in favor of the . defendant, dismissing the cause.

<div align="right">

*Reversed and rendered.*