MACKAY TELEGRAPH & CABLE COMPANY *v.* VAUGHAN.

Opinion delivered January 19, 1914.

TELEGRAPH COMPANIES—FAILURE TO TRANSMIT MESSAGE—MENTAL ANGUISH—SUFFICIENCY OF EVIDENCE.—Plaintiff delivered a message to the agent of defendant telegraph company to be transmitted to his mother, asking if he might send his wife and child to her for a visit. The message was not sent for two days. *Held*, evidence showed only that plaintiff suffered annoyance at the delay, and his anxiety at the condition of his child was too remote to justify a recovery of damages.

Appeal from Phillips Circuit Court; *J. M. Jackson,* Judge; reversed.

*Fink & Dinning,* for appellant.

Appellee has failed to establish a cause of action under the statute. His ground of recovery is too remote, intangible and visionary. The right to recover under the mental anguish statute has been limited by this court to "the real ills, griefs and sorrows of life." 106 Ark. 559; 83 Ark. 476-480; 96 Ark. 218; 98 Ark. 347; 101 Ark. 491.

This case comes within the rule announced in *Western Union Telegraph Company* v. *Long,* 90 Ark. 203. See, also, 84 Ark. 501; 92 Ark. 62.

*Moore, Vineyard & Satterfield,* for appellee.

We think that the rule announced in *Western Union Telegraph Company* v. *Hollingsworth,* 83 Ark. 39, sustains the recovery in this case. Analogous, also, is the *Arant* case, 88 Ark. 499-502.

McCULLOCH, C. J. Appellee instituted this action against appellant telegraph company to recover damages on account of mental anguish alleged to have been suffered by reason of delay in transmitting a telegraph message from Helena, Arkansas, the place of appellee's residence, to his mother at Cumberland, Virginia.

Appellee had been living in Helena a little over a month, and his infant child was in bad health and under the care of a physician, who recommended that the babe be sent away for a change of climate. His mother lived

at Cumberland, Virginia, and kept house there and took a few boarders. He had a sister also who lived at the same place. He decided to send his wife and baby to Cumberland, and, in anticipation thereof, sent the following message directed to his mother:

"Baby some better, though not improving. Doctor thinks best she and Florence go to you for a while. Now have to feed her on bottle, and both worn out losing sleep. Wire collect if convenient to have them, and we leave soon as can get ready. Can arrange suitable diet for trip. Lovingly."

This message was delivered to appellant's operator at Helena on the evening of March 6 about 7:45 o'clock. The operator was not in the office at the time, but told the appellee over the telephone to leave the message there, and that he would come down to the office and send it. It was not sent at all, but was lost, and, during the next day, the operator, upon inquiry of appellee, informed him, from hour to hour, that no reply had been received. Finally, on March 8, the operator informed appellee that he had lost the message, and that it had never been sent, and suggested to him that he send a day message by another telegraph company, and that he (the operator) would pay the difference between the price of a day and night message. Appellee then sent the message to his mother, and received a prompt reply, and his wife and baby started on the trip the next day. The operator, according to his agreement, paid to appellee the difference between the cost of the day and night message.

According to the undisputed evidence, there was a delay of nearly two full days, caused by the negligent omission of appellant's operator.

The jury awarded damages to appellee in the sum of $300, and judgment therefor was entered by the court, and an appeal has been duly prosecuted.

We are of the opinion that the evidence does not establish any right to recover damages, in that the testimony as to mental anguish does not bring it within the rules of law which permit recovery of damages. Appel-

lee was not prevented by the delay from starting his wife and baby on their journey; in fact, they did start the next day after receiving reply from his mother, and made the journey safely. Appellee testified that when he sent the message he had fully determined that his wife and baby should go to Cumberland, but the only uncertainty was as to whether he would ask his mother, or his sister, to receive them and take care of them. The following is his statement on the subject:

Q. Well, you had every assurance to believe that your mother would welcome your wife and child at her home. A. Yes, I did. Q. It was merely a matter of courtesy that you sent the telegram to her? A. Well, she had some people boarding with her—some school teachers or some other people and I never knew whether she had room. Q. Did you not know that she would make room for you and your wife and your child? A. I thought so. Q. Were you sure of that? A. Yes, sir. Q. You knew that if you had gone on without any telegram that you would have been welcome? A. Yes, sir. Q. Now, during these two days, if it had proved that it was not convenient for you to have gone there, you could have gone elsewhere? A. I would no doubt have gone to my sister's there in town. Q. At any event, you were going to one of the two places? A. Either there or to her mother's. Q. And you were getting ready, although you never got a reply from your mother, to take it some place? A. Yes, sir. I was naturally uneasy about the child. The baby was better but not improving. Q. And your anxiety at that time grew out of the physical condition of your child? A. Yes, sir; principally. I do not know how much of my anxiety was caused by the physical condition of my child and how much by a desire to receive a reply from my telegram.

Now, it is clear from this testimony that the mental anxiety suffered by appellee was over the condition of his sick infant. The anxiety concerning the time when his wife and child would leave home and which one of his relatives in Cumberland would meet them were

mere incidents. It was a species of anxiety that is too remote to attribute to the delay in sending the message, for appellee could have started his wife and child on the journey at any time with the certain knowledge that either his mother or sister would receive and take care of them. His anxiety over the condition of his child was manifestly such that the slightest inconvenience would disturb him; but that does not constitute an element of damages for which the statute allows a recovery.

In the case of *Western Union Telegraph Co.* v. *Archie,* 92 Ark. 59, we said:

"In order to recover damages under the mental anguish doctrine, it is necessary that the mental anguish suffered be real and with cause, and not merely the result of a too sensitive mind or a morbid imagination."

In that case the plaintiff sued to recover damages on account of failure to transmit the reply to a message to her husband notifying him of the birth of their child and requesting him to come to her immediately, to which he replied acknowledging the receipt of her message and saying that he would start immediately. She testified that she was very ill at the time and suffered mental anxiety on account of her failure to hear from her husband, and was apprehensive, on account of the delay, that he had failed to receive her message. We held, as above stated, that such anxiety did not constitute mental anguish within the meaning of the statute.

The case of *Western Union Telegraph Co.* v. *Reed,* 37 Tex. Civ. App. 445, 84 S. W. 296, is directly in point, and the doctrine of the case was approved by this court in *Western Union Telegraph Co.* v. *Shenep,* 83 Ark. 476.

In the Texas case, cited, the plaintiff's sister died in another town, and she corresponded by telegraph to know whether the funeral would be postponed a sufficient time for her to attend it. There was negligent delay in transmitting the message, but the funeral was, in fact, postponed and the plaintiff had the opportunity to, and did, attend the funeral. She claimed that she suffered

great anxiety on account of the uncertainty as to whether she could attend the funeral and sought to recover damages on that score.    The Texas court held against the right of recovery and said:

"It appears from the petition in this case that the plaintiff was not deprived of the privilege of being present at the funeral of her sister, but that the anguish she suffered was from the uncertainty of whether the funeral would be postponed to enable her to be present.    She was not deprived of this privilege, and in fact attended the funeral.    To allow damages in such a case would be an extension of the rule beyond any decision heretofore made by the Supreme Court."

So, in the present case the plaintiff was not deprived of the privilege of sending his wife and daughter away as recommended by a physician, but merely suffered annoyance on account of the delay and his extreme anxiety concerning the health of his infant.    This was, as before stated, too remote to justify a recovery of damages. *Howard* v. *Western Union Telegraph Co.,* 106 Ark. 559.

Learned counsel for appellee seek to sustain the right of recovery on the decision of this court in the case of *Western Union Telegraph Co.* v. *Hollingsworth,* 83 Ark. 39.    But we do not think the doctrine of that case has any application to the present one.    In that case plaintiff suffered real anguish on account of the critical illness of his brother in another town, and the delayed message would have relieved that distress, and he was allowed to recover on account of his suffering during the period of the delay.    Here the plaintiff's anxiety was concerning the illness of his child, and, as before stated, the communication with his mother had nothing to do with lessening that anxiety.

We are of the opinion that the evidence does not make out a case and that it should not have been submitted to the jury.    The judgment is therefore reversed and the cause dismissed.