## C. D. SHAMBURGER LUMBER CO. v. HOLBERT et al.

### No. 3529.

Court of Civil Appeals of Texas. Amarillo. Jan. 14, 1931.

R. H. Cocke, of Wellington, for appellant.

L. E. Gribble, of Wellington, and McNees & Roberts, of Dallas, for appellees.

### JACKSON, J.

The plaintiff, H. W. Holbert, instituted this suit in the district court of Collingsworth county, Tex., against the defendants F. V. Walker, Annie B. Guinn, and C. D. Shamburger Lumber Company, a corporation, to recover against F. V. Walker the sum of $1,-666.66 principal, with interest and attorney's fees, evidenced by two promissory vendor's lien notes executed by him and payable to plaintiff, and to foreclose a vendor's lien against all the defendants on lots 19, 20, 21, 22, 23, and 24 in block 2 in the town of Quail, in Collingsworth county, Texas.

The C. D. Shamburger Lumber Company answered by general denial and for cross-action against the plaintiff and its codefendants, pleaded that F. V. Walker and wife, Effie B. Walker, executed and delivered to it three certain notes aggregating the sum of $1,500; that said notes were secured by a valid and subsisting materialman's and mechanic's lien against the lots described in plaintiff's petition.

That to better secure its said indebtedness, F. V. Walker transferred to it two vendor's lien notes aggregating the sum of $533.34, executed by Annie B. Guinn and secured by a vendor's lien against two of said lots, to wit, Nos. 19 and 20. That as additional security F. V. Walker transferred to it one note for the sum of $600, executed by J. A. Wiley and wife, secured by a chattel mortgage on certain personal property which is fully described. This defendant prayed that its materialman's and mechanic's lien be adjudged a prior and superior lien to the plaintiff's lien on the improvements erected on said lots under its notes and lien; that such improvements can and should be removed; that its lien be foreclosed on all of said lots; that if such improvements are not removable without injury to the property, that all of said lots and improvements be sold and the proceeds prorated according to the value of the property before and after such improvements were made; that its vendor's lien be foreclosed on lots 19 and 20; that it have judgment against J. A. Wiley and his wife for

the $600 note and a foreclosure of the chattel mortgage lien on the personal property described in said chattel mortgage.

The defendants F. V. Walker and wife and Annie B. Guinn defaulted as to the plaintiff's cause of action and the C. D. Shamburger Lumber Company's cross-action against them.

J. A. Wiley and 'wife were dismissed from the suit on plaintiff's special exception urging that the allegations of the C. D. Shamburger Lumber Company impleading them constituted a misjoinder of parties and a misjoinder of causes of action.

The case was submitted to the court without the intervention of a jury and judgment rendered that plaintiff H. W. Holbert recover of the defendant F. V. Walker the sum of $2,174.07 with interest from the date of the judgment and costs. That plaintiff's lien is prior and superior to any rights or claims of any of the defendants and as such superior lien is foreclosed on all of said lots against all of the defendants.

That the C. D. Shamburger Lumber Company recover of the defendant F. V. Walker and his wife the sum of $1,766.30 with interest, and that its mechanic's lien is foreclosed on all of said lots against all of .its codefendants, but subject to the plaintiff's superior lien.

That the C. D. Shamburger Lumber Company recover of Annie B. Guinn and F. V. Walker $635.25, with interest and a foreclosure of its vendor's lien on said lots 19 and 20. That the clerk of the court issue an order of sale directed to the sheriff commanding him to seize and sell the lots as under execution; that he first sell all of lots Nos. 21, 22, 23, and 24 in said block and all improvements thereon and apply the proceeds first to the payment of plaintiff's judgment: If said lots shall sell for more than enough to pay plaintiff, the officer is directed to pay the C. D. Shamburger Lumber Company any excess not to exceed the amount of its judgment and should any excess remain, to pay it to F. V. Walker. That if said lots and improvements do not sell for sufficient to pay the plaintiff and the defendant C. D. Shamburger Lumber Company, the officer shall sell said lots Nos. 19 and 20, and apply the proceeds thereof first to the payment of any balance due plaintiff, and if such lots sell for more than sufficient to pay such balance, such excess shall be paid to C. D. Shamburger Lumber Company, not to exceed its debt, and if there is any excess after both judgments are discharged, the excess is to be paid to Annie B. Guinn. The judgment then provides that in the event the property does not sell for enough to pay the plaintiff, his judgment shall be made out of any other property of F. V. Walker and a like provision relative to the C. D. Shamburger Lumber Company, including other property of Annie B. Guinn to the extent of the judgment against her.

The C. D. Shamburger Lumber Company alone prosecutes this appeal.

The appellant challenges as error the action of the court in decreeing that the lien of H. W. Holbert is prior and superior to the lien of appellant because plaintiff's lien was not of record and the appellant, without notice, furnished lumber and material under a valid materialman's lien with which improvements were constructed upon lots which constituted the home of F. V. Walker and wife, and if appellant's lien was not superior to plaintiff's, it in equity was entitled to have the value of the land ascertained without said improvements and the value determined with such improvements, the property sold, and the proceeds thereof divided pro rata between it and plaintiff as the respective values were found to be.

The record discloses that on the 7th day of August, 1928, H. W. Holbert and wife, by warranty deed, conveyed to F. V. Walker lots 19, 20, 21, 22, 23, and 24 in block 2 in the original town of Quail, in Collingsworth county, Tex., for a consideration of $2,512.51. That this consideration was paid partly in cash and partly in notes. That all the consideration had been paid save and except $1,666.66, evidenced by the two notes sued on by plaintiff, executed by F. V. Walker as a part of the purchase price of said lots. That in the deed to Walker plaintiff retained a vendor's lien to secure the payment of said notes, but said deed was never filed for record. That F. V. Walker had defaulted and that the two unpaid notes, together with interest and attorney's fees, were due. That F. V. Walker and wife, Effie B. Walker, went into immediate possession of said property and thereafter used and occupied it as their homestead until the lots were sequestered by plaintiff after the institution of this suit. That the county taxes became delinquent for the years 1928 and 1929 and were paid by the plaintiff. That the C. D. Shamburger Lumber Company furnished F. V. Walker and his wife material and labor of the value of $1,500, evidenced by three notes, to erect certain improvements upon said lots, and that a materialman's lien, dated August 14, 1928, was executed by F. V. Walker and his wife, Effie B. Walker, against all of said lots and delivered to appellant to secure the payment of said notes. That such lien was valid and was promptly recorded. That said lots constituted the homestead of F. V. Walker and his wife, who had defaulted in the payment of appellant's notes. That on December 19, 1928, F. V. Walker and wife, by general warranty deed, conveyed to Annie B. Guinn lots 19 and 20 in said block 2, and as a part of the consideration therefor Annie B. Guinn executed and delivered to F. V. Walker three notes for the sum of $266.67 each, two of

which were duly transferred and delivered to appellant as collateral and additional security to its mechanic's lien. That appellant is the owner of said notes and default has been made in the payment thereof. That at the time the plaintiff H. W. Holbert sold said lots to F. V. Walker there were situated thereon a store building with two living rooms and a garage and a four-room residence. That F. V. Walker moved the four-room residence on lots Nos. 19 and 20, and improved the store building by adding a porch, two additional living rooms, and a bath, tore down the garage and built a larger one, using the lumber from the old garage with new lumber furnished by appellant in its construction. That the material furnished by appellant was used in the construction of additional improvements on said lots, and that such additional improvements were so constructed that they could not be segregated and removed from the lots without impairing and injuring the buildings and improvements situated on said lots before such additions and repairs were made. That the additional improvements erected on said lots for which appellant furnished the labor and material enhanced the value of the property in the sum of $1,000. That F. V. Walker is insolvent.

The appellant insists that it is in the position of an innocent lienholder because the deed from plaintiff to F. V. Walker conveying the lots in controversy and retaining a purchase-money lien on said lots had not been recorded.

The appellant had constructive notice of what the record discloses and any examination thereof would have shown that F. V. Walker had no title of record. This, we think, sufficient to have put a reasonably prudent man on inquiry and an investigation would have revealed the facts.

■ "Purchasers of land, from a vendee of the same, are bound to take notice of the terms of the deed from his vendor, which reserve an express lien for the purchase money, though it was unrecorded. They cannot repudiate the superior title of the vendor or any one to whom he has transferred it." Woodward v. Ross (Tex. Civ. App.) 153 S. W. 158, 160.

■■ A person dealing with real estate is charged with notice of purchase-money notes and the lien reserved in the deed conveying the land to secure the payment of said notes, and the fact that such deed was not promptly recorded will not subordinate such vendor's lien to the rights acquired by subsequent purchasers or lien holders. Thompson v. Litwood Oil & Supply Co. et al. (Tex. Civ. App.) 287 S. W. 279. See also Gilbough et al. v. Runge, 99 Tex. 539, 91 S. W. 566; 122 Am. St.

Rep. 659; City of Dallas v. Rutledge et al. (Tex. Civ. App.) 258 S. W. 534, 535.

■ The appellant's contention that equity entitled it to have the value of the land ascertained before said improvements were placed thereon with the labor and material furnished by it and the value of said property determined after such improvements were placed thereon, and the property sold and the proceeds thereof prorated, cannot be sustained. The plaintiff's lien secures the payment of a part of the purchase money. The property involved the homestead of F. V. Walker and wife and plaintiff's lien was admittedly prior in time to the lien asserted by appellant. The improvements placed thereon by appellant under its notes and lien were not removable from the lots without injury to the property.

Under the facts disclosed by this record, as we understand the case of State Trust Co. v. Morrison et al. (Tex. Com. App.) 282 S. W. 214, the law is settled against appellant's contention. The insolvency of F. V. Walker and his wife would not change the rule.

The court did not err in dismissing J. A. Wiley and his wife from the suit because of misjoinder of parties and causes of action, since appellant's allegations disclose that said parties were not necessary parties to the determination of the rights of appellant and its codefendants and the rights of the plaintiff.

The judgment of the trial court is affirmed.